IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHAD BRYANT & <br> BRANDI BRYANT | **PLAINTIFFS** |
| VS. | **CAUSE NO. 19-00249-LG-RHW** |
| HOPE CREDIT UNION; DOVENMUEHLE <br> MORTGAGE, INC.; I-10 PROPERTIES LLC; <br> SHAPIRO AND BROWN, LLC; AND JOHN <br> DOES 1-10 | **DEFENDANTS** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
AMENDED MOTION FOR REMAND**

Come now, the Plaintiffs, Chad and Brandi Bryant ("the Bryants"), by and through undersigned counsel, and files this Memorandum in support of their Amended Motion to Remand this case to the Circuit Court for Harrison County, and will show unto the Court the following:

**Standard for Remand**

The Fifth Circuit has stated that "removal hinges on whether a federal district court could have asserted original jurisdiction over the state court action had it initially been filed in federal court." *Rivet v. Regions Bank*, 108 F.3d 576, 582 (5th Cir. 1997). It has further stated "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. Thus, a federal court presumes that a cause of action lies outside its limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Griffith v. Alcon Research, Ltd.,* 712 F. App'x 406, 408 (5th Cir. 2017) (internal quotations removed) (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr.*

*Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

Additionally, other courts have held that a "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, **uncertainties are resolved in favor of remand**." *Roblez v. Ramos*, 2001 U.S. Dist. LEXIS 11051, at *10 n.2 (N.D. Tex. Aug. 1, 2001) (emphasis added) (quoting *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

### **Facts**

1. On March 6, 2019, the Bryants filed suit against Hope Federal Credit Union, Shapiro and Brown, LLC, and I-10 Properties, Inc. in the Circuit Court of Harrison County, Mississippi.

2. On March 15, 2019, the Complaint was amended to add Dovenmuehle Mortgage Inc. ("Dovenmuehle") as a defendant and a count was added under the Fair Debt Collection Practices Act.

3. On April 22, 2019, Dovenmuehle filed a Notice of Removal in this Court, removing this action to federal court on the basis of the violations of two federal consumer law statutes alleged in the Bryants' Complaint. (Dkt 1).

4. The Bryants' Complaint seeks a declaration that the nonjudicial foreclosure that gave rise to the Complaint is void and that the Court set aside the substitute trustee's deed that purportedly conveyed the Bryants' home to I-10 Properties, LLC.

5. Additionally, the first claim asserted in the Bryants' Complaint requests the Court to grant injunctive relief – staying eviction proceedings against the Bryants in state court. (See, Dkt 1, Ex. A).

6. After this case was filed in Circuit Court, I-10 Properties filed a Complaint for Unlawful Entry and Detainer in the County Court of Harrison County – seeking to remove the Bryants and their children from their home despite the pendency of this Case.

7. I-10 Properties has refused to stay their efforts to obtain possession of the home and the County Court has ruled against dismissing the eviction in County Court.

8. The Bryants' maintaining possession of their home during the pendency of this case is crucial to mitigating damages suffered by the Bryants and determination of ownership of the home is the fundamental dispute in this matter.

### This Court Cannot Afford Relief to the Bryants and Should Remand this Case to the Circuit Court for Harrison County

Pursuant to the Anti-Injunction Act, 28 U.S.C. §2283, this Court does not have jurisdiction to grant an injunction staying the pending eviction proceeding. *See i.e.*: Martinez v. Wilmington Tr. Co., No. SA-13-CA-53-FB, 2013 U.S. Dist. LEXIS 200250, at *5 (W.D. Tex. Feb. 22, 2013) and *Lafitte Econ. Dev. Corp. v. Cisneros*, 1994 U.S. Dist. LEXIS 17247, at *1 (E.D. La. Nov. 29, 1994) ("The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining an ongoing state-court action such as the pending eviction proceeding."). *See also, Belmont REC LLC v. Brown* No. 1:17-CV-00295-TWT-JFK, 2017 U.S. Dist. LEXIS 21653, at *6-7 (N.D. Ga. Jan. 26, 2017) ("even if subject-matter jurisdiction existed, the Court would be unable to grant Defendant the relief he seeks - a stay of state court eviction proceedings - because a federal court is prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding") (quoting *CF Lane, LLC v. Stephens*, 2014 U.S. Dist. LEXIS 53810, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014)).

Additionally, the Fifth Circuit held in *Knoles v. Wells Fargo Bank, N.A.,* that if an eviction is granted in a state court proceeding, a district court has no authority to award

possession of the property to a plaintiff who has sued for unlawful foreclosure. 513 F. App'x 414, 415 (5th Cir. 2013). In this instance, if the County Court grants an order for eviction against the Bryants, this Court cannot set aside the foreclosure and return the Bryants to their home. That remedy is only available in a state court. Because this Court has no jurisdiction to enjoin the pending eviction in County Court and because if the eviction is granted, this Court cannot later award the property to the Bryants, this Court cannot afford the Bryants the relief sought in the Complaint.

Finally, even though the Bryants have alleged violations of two federal statutes in the Complaint, those claims are rooted in and intertwined with the unlawful foreclosure claim which must be remanded to the Circuit Court for Harrison County. The Circuit Court of Harrison County, Mississippi has jurisdiction to hear those matters as a court of general jurisdiction. Federal Courts, however, are courts of limited jurisdiction and cannot afford the Bryants complete relief. *See*, *Griffith v. Alcon Research, Ltd.,* 712 F. App'x 406, 408 (5th Cir. 2017). Because this Court cannot afford full relief to the Bryants, this case should be remanded to the Circuit Court of Harrison County, Mississippi.

     **RESPECTFULLY SUBMITTED** this 25th day of April, 2019

                            **CHAD BRYANT and**
                            **BRANDI BRYANT**

                     By: /s/Michael T. Ramsey
                            Michael T. Ramsey, MS Bar No. 104978
                            Attorney for the Plaintiff

Sheehan Law Firm, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
(228) 875-0572 / fax: (228) 875-0895
mike@sheehanlawfirm.com

## **CERTIFICATE OF SERVICE**

   I MICHAEL T. RAMSEY, Attorney for the Plaintiffs do hereby certify that I have this date filed the foregoing electronically, which sent notice to all parties involved.

                /s/ Michael T. Ramsey
                Michael T. Ramsey