**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

CHAD BRYANT and BRANDI BRYANT,

     Plaintiffs,

v.

HOPE CREDIT UNION; DOVENMUEHLE
MORTGAGE, INC; I-10 PROPERTIES LLC;
SHAPIRO AND BROWN, LLC; and JOHN
DOES 1-10,

     Defendants.

Case No. 1:19-cv-00249-LG-RHW

## DOVENMUEHLE MORTGAGE, INC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Dovenmuehle Mortgage, Inc. ("DMI"), a named Defendant in the above-styled civil action, and files this Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

## STATEMENT OF FACTS

This action relates to the real property located at 12221 Vidalia Road, Pass Christian, Mississippi 39571 (the "Subject Property"). [Doc. 1-1, ¶ 1]. Around September 11, 2009, Plaintiffs Chad and Brandi Bryant ("Mr. Bryant" and "Ms. Bryant" respectively, the "Plaintiffs" collectively) purchased the Subject Property by executing a Deed of Trust in favor of Hope Credit Union ("Hope FCU"). [Doc. 1-1, ¶ 10]. According to the Plaintiffs, at some unknown point in time, servicing of the loan was transferred to DMI and the Deed of Trust between Plaintiffs and Hope FUC is now also binding between Plaintiffs and DMI. [Doc. 1-1, ¶¶ 11-12, 15]. Plaintiffs contend that they sent payments to HOPE FCU on February 4th and 8th of 2019,

but these payments were later returned due to the acceleration of their loan. [Doc. 1-1, ¶¶ 18, 22, 24].

Plaintiffs contend that they called someone from either HOPE FCU or DMI, but were not informed of the acceleration, and also that no notices were mailed to the Subject Property. [Doc. 1-1, ¶¶ 20-21, 26]. The Subject Property was sold at foreclosure sale on February 22, 2019. [Doc. 1-1, ¶ 23]. According to Plaintiffs, they first learned of the foreclosure sale when they received a "Demand for Vacate Notice" from the purchaser at foreclosure, I-10 Properties. [Doc. 1-1, ¶ 25]. On March 15, 2019, Plaintiffs filed this action for injunctive relief and asserting counts for Wrongful Foreclosure, RESPA violations, Breach of Contract, and violations of the FDCPA. [Doc. 1-1]. DMI removed this action to federal court on April 22, 2019. [Doc. 1].

## ARGUMENT AND CITATION OF AUTHORITY

### A.    Standard of Review

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the Complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, "[d]ismissal is proper if the

2

complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); *Matter of Parker*, 655 Fed. Appx. 993, 996 (5th Cir. 2016).

**B.      Plaintiffs have Failed to State a Claim under RESPA**

Plaintiffs' Complaint alleges that DMI failed to send several notices in violation of the Real Estate Settlement Procedures Act ("RESPA") and its corresponding C.F.R requirements. [Doc. 1-1, ¶¶ 17, 52, 56, 58]. However, "[i]n order to state a claim for a violation of § 2605, a plaintiff must allege that the breach resulted in actual damages." *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 788 (S.D. Miss. 2014), aff'd sub nom. *Hopson v. Chase Home Fin., L.L.C.*, 605 Fed. Appx. 267 (5th Cir. 2015). Therefore, as an essential element of a RESPA claim, "a claimant must show that actual damages resulted from a RESPA violation." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. Appx. 833, 836 (5th Cir. 2014); 11 U.S.C. § 2605(f)(1)(A); *see Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012).

In this case, Plaintiffs' Complaint is completely lacking in factual allegations regarding any actual damages they have suffered. "The burden is on the borrower to prove that he or she incurred actual damages in order to substantiate a RESPA claim." *Geoffrion v. Nationstar Mortgage LLC*, 182 F. Supp. 3d 648, 662 (E.D. Tex. 2016). Plaintiffs' sole references to damages stemming from the alleged RESPA violations assert that they "have been harmed financially" and are therefore entitled "to recover actual damages." [Doc. 1-1, ¶¶ 27, 59]. Plaintiffs' allegations that they have been harmed and are therefore entitled to recover are wholly conclusory and therefore "will not suffice to prevent a motion to dismiss." *Blackburn*, 42 F.3d at 931. Although Plaintiffs' *factual* allegations are accepted as true, "conclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice" and "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Id.*

Plaintiffs' assertion that they have been financially and emotionally damaged, [Doc. 1-1, ¶ 27], fails to articulate in any way how the claimed violations resulted in their damages or the amount of the alleged damages. A "RESPA claim may be dismissed for failure to allege facts showing how Defendant's failure resulted in any actual damages or the amount of such damages." *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 788 (S.D. Miss. 2014), aff'd sub nom. *Hopson v. Chase Home Fin., L.L.C.*, 605 Fed. Appx. 267 (5th Cir. 2015). Accordingly, as Plaintiffs have failed to allege a required element necessary to obtain relief on their RESPA claim, DMI respectfully submits that Plaintiffs' RESPA claim must be dismissed.

**C.    Plaintiffs have Failed to State a Claim for Breach of Contract**

Plaintiffs assert that Hope FCU and/or DMI instituted foreclosure proceedings against Plaintiffs without proper notice in breach of the terms of the Deed of Trust. [Doc. 1-1, ¶ 65]. "Mississippi law is clear that, in order to maintain an action to enforce a breach of contract or to recover damages growing out of a breach, a relationship of privity of contract must exist between the party damaged and the party sought to be held liable for the breach." *Saucier v. Coldwell Banker JME Realty*, 644 F. Supp. 2d 769, 780 (S.D. Miss. 2007), aff'd sub nom. *Saucier v. Coldwell Banker Joseph M. Endry Realty*, 291 Fed. Appx. 674 (5th Cir. 2008). Plaintiffs assert that the Deed of Trust is a written contract between Plaintiffs and HOPE FCU and binding between Plaintiffs and DMI. [Doc. 1-1, ¶¶ 61-62]. This is apparently premised on the vague assertion that "at a time currently unknown to the Plaintiffs, Hope FCU transferred servicing rights for the Plaintiff's loan to Dovenmuehle." [Doc. 1-1, ¶ 15].

4

Under Mississippi law, "[a] claim for breach of contract has two elements: 1) the existence of a valid and binding contract; and 2) breach by defendant." *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224–25 (Miss. 2012); *Cook v. Wallot*, 172 So. 3d 788, 800 (Miss. Ct. App. 2013). Plaintiffs' Amended Complaint contains only the conclusory assertion that DMI is bound by the written contract between Plaintiffs and HOPE FCU. However, this conclusory assertion cannot be treated as true, and moreover, completely ignores the facts.

The Deed of Trust, which is attached to the Amended Complaint, contains only covenants between the "Borrower and Lender." *See* [Doc. 1-1] at p. 22. This does not create any privity between the Plaintiffs and DMI. Although there do not appear to be any Mississippi decisions on this issue, other courts around the country appear to be uniform in their conclusions that loan servicers are not in privity of contract with mortgagees. *See, e.g., Hegedus v. Nationstar Mortg. LLC*, No. 5:17-CV-00053, 2018 WL 1465268, at *10 (W.D. Va. Feb. 1, 2018), *report and recommendation adopted*, No. 5:17-CV-00053, 2018 WL 1461747 (W.D. Va. Mar. 23, 2018); *Mazzei v. Money Store*, 308 F.R.D. 92, 109-110 (S.D.N.Y. 2015) (collecting cases); *Conder v. Home Savings of Am.*, 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) (citations omitted); *Ruff v. America's Servicing Co.*, No. 07-0489, 2008 WL 1830182, at *3-4 (W.D. Pa. April 23, 2008). Because an essential element of a breach of contract claim – privity – is lacking, the Plaintiffs cannot state a claim against DMI and Count Four must be dismissed.

**D.     Plaintiffs have Failed to establish a Claim under the FDCPA**

Plaintiffs allege that DMI violated §1692f and § 1692g of the Fair Debt Collection Practices Act ("FDCPA") in failing to send a required notice and conducting a foreclosure sale without fulfilling all of its contractual obligations under the Deed of Trust. [Doc. 1-1, ¶¶ 75-76]. In order to state a claim under the FDCPA, a Plaintiff must first establish that "defendant is a

debt collector as defined by the FDCPA." *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995); *Meyer v. Turner*, 1:13-CV-443-JCG, 2015 WL 7300562, at *2 (S.D. Miss. Nov. 18, 2015), judgment entered, 1:13-CV-443-JCG, 2015 WL 7307135 (S.D. Miss. Nov. 18, 2015); *Neel v. Fannie Mae*, No. 1:12cv311-HSO-RHW, 2014 WL 977328, *9 (S.D. Miss. Mar. 12, 2014). In fact, if the defendant does not meet the FDCPA definition of a debt collector, the "provisions of the Act do not apply." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1031 (2019); *see also Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 783 (S.D. Miss. 2008)("The prohibitions of the FDCPA apply only to 'debt collectors.'"). Therefore, establishing that Defendant is a debt collector as defined by the FDCPA is an essential element of any FDCPA claim.

Plaintiffs make the conclusory assertion that DMI is a debt collector as it is defined by the FDCPA because it is "a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." [Doc. 1-1, ¶¶ 4, 72]. However, this is simply a recitation of the definition of a debt collector. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. There is no reference to any use of interstate commerce or the mail by DMI as an attempt to collect debt. It is well established that a Complaint cannot contain a recitation of the elements of a cause of action and naked assertions devoid of any factual enhancement. *See Iqbal*, 556 U.S. at 678 (2009).

Plaintiffs assert that at some point servicing transferred to DMI. [Doc. 1-1, ¶ 15]. However, Plaintiffs completely fail to identify how DMI ever acted as a debt collector. The majority of Plaintiffs' complaint focuses on communications they assert DMI *did not* send. [Doc.

1-1, ¶¶ 17, 26, 76]. Similarly, Plaintiffs state that they submitted their payments to HOPE FCU and that HOPE FCU returned them. [Doc. 1-1, ¶¶ 18, 22, 24]. DMI's only identified participation according to Plaintiffs' allegations is that payments were sent to HOPE FCU using DMI's address. [Doc. 1-1, ¶¶ 18, 22]. There are simply not facts by which one could conclude that DMI used commerce or the mail to collect debt or that it regularly collects or attempts to collect debt, as alleged by Plaintiffs. [Doc. 1-1, ¶¶ 4, 72]. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65; *Barlow v. Safety Nat. Cas. Corp.*, 856 F. Supp. 2d 828, 836 (M.D. La. 2012).

Because Plaintiffs' FDCPA claim against DMI fails to allege any facts that could support the conclusion that it meets the definition of a debt collector under the FDCPA, Plaintiffs have failed to state a claim upon which relief may be granted.

Further, even if Plaintiffs' claim under the FDCPA were to survive, the Plaintiffs only make a conclusory assertion that they "are entitled to recover actual damages" with absolutely no facts alleged to support that they have incurred any actual damages. [Doc. 1-1, ¶ 77].

> The FDCPA provides that any debt collector who fails to comply with the FDCPA with respect to any person is liable to such person for (1) any actual damages sustained by the person as a result of such failure; (2) statutory damages as the Court may allow, but not exceeding $1,000; and (3) the costs of the action, together with a reasonable attorney fee as determined by the Court.

*Meyer*, 2015 WL 7300562, at *4.

"[S]everal Courts of Appeal have . . . concluded that consumers may recover statutory damages for violations of the FDCPA even in the absence of any 'actual damages.'" *Abernathy v. NCC Bus. Servs., Inc.*, No. 2:11-CV-219-SA-SAA, 2012 WL 4320810, at *3 (N.D. Miss. Sept. 18, 2012) (collecting cases). However, the recovery of actual damages is not permitted unless a

plaintiff sets forth sufficient allegations in their complaint supporting such damages. *Douglas v. Southstar Funding, LLC*, No. 1:18-CV-1802-MLB-JSA, 2018 WL 6136792, at *8 (N.D. Ga. Oct. 18, 2018) (citing *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)) (citations omitted). Because the Plaintiffs have pleaded no facts in support of their skeletal claim for actual damages, this Court should find that even if the FDCPA claim can survive this motion, that it can proceed only as to possible statutory damages.

E.     **Plaintiffs have Failed to State a Claim for Emotional Distress**

Plaintiffs lastly allege that DMI has engaged in outrageous conduct by failing to comply with the contractual prerequisites to foreclosure and that this caused them to suffer sever emotional distress. [Doc. 1-1, ¶¶ 79-80]. The Court applies the same standard for mental anguish and intentional infliction of emotional distress and the terms are used interchangeably. *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 64 (Miss. 2004). To assert a claim for negligent infliction of emotional distress, Plaintiffs "must plead and prove 'some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant.'" *Breeden v. Buchanan*, 164 So. 3d 1057, 1069 (Miss. Ct. App. 2015); *quoting Am. Bankers' Ins. Co. of Fla. v. Wells, 819 So.2d 1196, 1208 (¶ 40)* (Miss. 2001).

Plaintiffs allege that they have been harmed "emotionally, and mentally, and are in imminent fear of losing their home." [Doc. 1-1, ¶ 27]. Plaintiffs have asserted no facts regarding any physical manifestation of injury or demonstrable physical harm. Plaintiffs "may not recover emotional distress damages resulting from ordinary negligence without proving some sort of physical manifestation of injury or demonstrable physical harm." *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 65 (Miss. 2004); *American Bankers' Ins. Co. of Fla. v. Wells*, 819 So.2d 1196, 1209 (Miss.2001). Absent physical injury, "[r]ecovery for mental anguish can

be allowable…where the defendant's conduct is outrageous or evokes outrage or revulsion." *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 65 (Miss. 2004). Recovery "requires conduct so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Morrison v. Means*, 680 So. 2d 803, 805–06 (Miss. 1996).

The majority of Plaintiffs' Complaint identifies acts or omissions they allege were committed by DMI **or** HOPE FCU. Plaintiffs allege either DMI or HOPE FCU failed to send certain notices required under the Deed of Trust, RESPA, and the FDCPA. Plaintiffs also allege that Plaintiff Brandi Bryant contacted either HOPE FCU or DMI and was informed by one of the Defendants that she was delinquent one payment but did not mention any acceleration. [Doc. 1-1, ¶¶ 19-21]. As to DMI alone, Plaintiffs allege it failed to send certain initial RESPA notices. However, in *Breeden*, the court determined that a Complaint alleging failure to pay insurance proceeds, delay in the claim, and refusal to discuss the claim with Plaintiff failed to plead conduct constituting the tort of negligent infliction of emotional distress and may be dismissed under 12(b)(6). *Breeden v. Buchanan*, 164 So. 3d 1057, 1069–70 (Miss. Ct. App. 2015). DMI respectfully submits that as in *Breeden*, the alleged failures to send initial RESPA notices, and even the allegations regarding phone calls and contractual notices not specifically alleged against DMI, do not rise to the level of outrageous conduct necessary to support an NIED claim. Accordingly, the claim for Negligent Infliction of Emotional Distress must be dismissed.

## CONCLUSION

Based on the foregoing, DMI respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 29th day of April 2019.

> */s/ Amanda M. Beckett*
> AMANDA M. BECKETT MS Bar No. 102738
> **RUBIN LUBLIN, LLC**
> 428 North Lamar Blvd., Suite 107
> Oxford, Mississippi 38655
> (601) 398-0153 (Telephone)
> (404) 921-9016 (Facsimile)
> abeckett@rubinlublin.com
>
> *Attorney for Dovenmuehle Mortg., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 29th day of April 2019, filed the within and foregoing by CM/ECF, which will serve notice on all parties.

> */s/ Amanda M. Beckett*
> AMANDA M. BECKETT (MS Bar No. 102738)