**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CHAD BRYANT &** | |
| **BRANDI BRYANT** | **PLAINTIFFS** |
| | |
| **VS.** | **CAUSE NO. 19-00249-LG-RHW** |
| | |
| **HOPE CREDIT UNION; DOVENMUEHLE** | **DEFENDANTS** |
| **MORTGAGE, INC.; I-10 PROPERTIES LLC;** | |
| **SHAPIRO AND BROWN, LLC; AND JOHN** | |
| **DOES 1-10** | |

**PLAINTIFFS' RESPONSE TO DOVENMUEHLE**
**MORTGAGE INC'S MOTION TO DISMISS**

Come now, the Plaintiffs, Chad and Brandi Bryant ("the Bryants"), by and through undersigned counsel, and files this Response to Dovenmuehle Mortgage Inc.'s ("Dovenmuehle") Motion to Dismiss, and will show unto the Court the following as to why the case should not be dismissed and that if this case is not remanded, that the Bryants should be permitted to amend their Complaint to comply with the more rigorous pleading requirements of federal court.

**FACTS**

1. Prior to the filing of this case, the Bryants' mortgage loan with Hope Federal Credit Union was serviced by DMI.

2. Communications between the Bryants and Dovenmuehle were nearly impossible to track because correspondence that purportedly came from Hope Federal Credit Union was sent from Dovenmuehle's address. Additionally Dovenmuehle's employees identified themselves as being representatives of Hope Federal Credit Union during phone conversations.

3. On March 6, 2019, the Bryants filed suit against Hope Federal Credit Union, Shapiro and Brown, LLC, and I-10 Properties, Inc. in the Circuit Court of Harrison County, Mississippi.

4. On March 7, 2019, the Bryants sent a Request for Information pursuant to Section 1024.36 of Regulation X to Dovenmuehle. To date, no response has been received from Dovenmuehle despite the requirement under Section 1024.36(d) that a mortgage servicer respond to such requests within 30 days.

5. On March 15, 2019, the Complaint was amended to add Dovenmuehle as a defendant and a count was added under the Fair Debt Collection Practices Act.

6. Due to the failure of Dovenmuehle to identify themselves during communications with the Bryants, much of the Bryants' Amended Complaint identifies wrongful conduct by "Hope FCU or Dovenmuehle" because without discovery, the Bryants cannot ascertain the true party behind any given communication between Hope Federal Credit Union and the Plainitffs or Dovenmuehle and the Plaintiffs.

7. On April 22, 2019, Dovenmuehle filed a Notice of Removal in this Court, removing this action to federal court on the basis of the violations of two federal consumer law statutes alleged in the Bryants' Complaint. (Dkt 1).

8. On April 24, 2019, the Defendant, I-10 Properties, LLC filed its Motion to Strike and for More Definite Statement, seeking to strike allegations in the Plaintiff's Complaint regarding the criminal conspiracy to rig bids at foreclosure sales engaged in by Jason and Shannon Boykin (the principals of I-10 Properties, LLC) as recently as March 22, 2017. (Dkt 3 & 4).

9. On April 25, 2019, the Bryants filed a Motion to Remand, seeking an order remanding this case to the Circuit County of Harrison County due to the inability of this Court to afford relief to the Bryants. (Dkt 8).

10. The Bryants' Motion to Remand is currently pending before this Court.

11. The Bryants have not moved to amend their complaint since this case's removal to federal court.

12. On April 29, 2019, DMI filed its Motion to Dismiss, seeking to dismiss it from this matter and seeking to dismiss the exact same federal consumer law claims that it relied upon for its removal. (Dkt 10).

## **RESPA**

Dovenmuehle's first assertion is that its breach of RESPA did not result in actual damages to the Bryants, even though the Bryants home was foreclosed upon as a direct result of these violations. RESPA 15 U.S.C. §2601 et. seq. and the regulations promulgated thereunder (Reg. X, 12 C.F.R. 1024.39(a), requires a mortgage loan servicer to make direct contact with borrowers by telephone or in person within thirty (30) days of the borrowers missing a mortgage payment. This communication was not made and the Bryants were unaware that any payment was missed until after the foreclosure was completed. As a result of the foreclosure, the Bryants have been forced to defend an eviction action in County Court and are in jeopardy of losing possession of their home. Additionally, the wrongful foreclosure deprived the Bryants of significant equity in their property.

Regulation X, 12 C.F.R. 1024.39(b)(2), required Dovenmuehle, as a mortgage servicer, to - within forty-five (45) days of the Plaintiffs missing a payment - provide, *inter alia*, that a specific person within Dovenmuehle be assigned as the Plaintiffs' single point of contact, and to

provide contact information for that person to the Plaintiffs. The failure of Dovenmuehle to appoint a single point of contact and to provide that information to the Bryants caused the Bryants to miss information regarding the foreclosure of their home. If not for the failure of Dovenmuehle to comply with the requirement , the Bryants would have received notice of the pending foreclosure of their home and they could have reinstated their mortgage. As a result of the foreclosure, the Bryants have been forced to defend an eviction action in County Court and are in jeopardy of losing possession of their home. Additionally, the wrongful foreclosure deprived the Bryants of significant equity in their property. As such, the Bryants are not without actual damages. All of these facts are stated in the Complaint, but to the extent that the Complaint falls short of the pleading requirements of federal court, the Plaintiffs will seek leave to amend the Complaint if remand is denied.

## **FDCPA**

Dovenmuehle also asserts that the Bryants have failed to establish a claim pursuant to the Fair Debt Collection Practices Act. Dovenmuehle treats the Bryants' factual assertion that "Dovenmuehle is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (Complaint ¶72) as a legal conclusion. The use by Dovenmuehle of the mail in debt collection is not disputed and is a fact asserted by the Bryants in the Complaint. Dovenmuehle ignores this and focuses on the similarities of its conduct to the definition of Debt Collector found in the FDCPA. Additionally, as with the Bryants' claim under RESPA, Dovenmuehle asserts that the loss of the Bryants' home does not warrant "actual damages". Doing so ignores the obvious. As a result of the foreclosure, the Bryants have been forced to

defend an eviction action in County Court and are in jeopardy of losing possession of their home. Additionally, the wrongful foreclosure deprived the Bryants of significant equity in their property. As such, the Bryants are not without actual damages. All of these facts are stated in the Complaint, but to the extent that the Complaint falls short of the pleading requirements of federal court, the Plaintiffs will seek leave to amend the Complaint if remand is denied.

## JUSTICE REQUIRES THAT THE PLAINTIFFS SHOULD BE PERMITTED TO AMEND THE COMPLAINT IF THEIR PENDING MOTION FOR REMAND IS DENIED

The Bryants concede that the current complaint does not contain sufficient factual allegations to survive a motion to dismiss on these claims under the pleading requirements for federal court. If the pending Motion for Remand is denied, the Bryants will seek leave to amend the complaint. Mississippi is a notice pleading state. *Bedford Health Properties, LLC v. Estate of Williams ex rel. Hawthorne*, 946 So. 2d 335, 350 (Miss.2006). Because the Bryants' complaint and amended complaint were filed in state court and not federal court, the Bryants were not initially required to comply with the Federal Rules of Civil Procedure regarding the strict pleading of their allegations in the Complaint. Because a motion to remand and a motion to strike is pending before this Court, the Plaintiffs are hesitant to seek leave to amend their Complaint in this matter if such leave will not be necessary. If remand is denied, the Plaintiffs will file a motion to amend the complaint pursuant to Fed. Rule Civil Procedure Rule 15(a). As stated by Rule 15(a)(2), "the court should freely give leave when justice so requires." Because Mississippi state courts only require notice pleading and because the Bryants have an additional claim under Regulation X to assert against Dovenmuehle, leave to amend should be granted at that time.

Wherefore, premises considered, the Plaintiffs pray that this Court will deny Dovenmuehle's Motion to Dismiss and – if the Plaintiff's Motion to Remand is denied – that this Court will permit the Plaintiffs to amend their Complaint pursuant to Rule 15(a).

**RESPECTFULLY SUBMITTED** this 13th day of May, 2019

                        **CHAD BRYANT and**
                        **BRANDI BRYANT**

                By: /s/Michael T. Ramsey
                    Michael T. Ramsey, MS Bar No. 104978
                    Attorney for the Plaintiff

Sheehan Law Firm, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
(228) 875-0572 / fax: (228) 875-0895
mike@sheehanlawfirm.com

## CERTIFICATE OF SERVICE

I MICHAEL T. RAMSEY, Attorney for the Plaintiffs do hereby certify that I have this date filed the foregoing electronically, which sent notice to all parties involved.

                        /s/ Michael T. Ramsey
                        Michael T. Ramsey