IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHAD BRYANT and BRANDI BRYANT**                                      **PLAINTIFFS**

v.                                                     CAUSE NO. 1:19CV249-LG-RHW

**HOPE CREDIT UNION, ET AL.**                                           **DEFENDANTS**

### ORDER DENYING MOTION TO REMAND GRANTING MOTION TO DISMISS AND FINDING MOTIONS TO STRIKE MOOT

BEFORE THE COURT are the [8] Amended Motion to Remand to State Court[1] filed by Plaintiffs Chad Bryant and Brandi Bryant, the [10] Motion to Dismiss[2] filed by Defendant Dovenmuehle Mortgage, Inc., and the [3] Motion to Strike and For More Definite Statement and [19] Motion to Strike Response in Opposition[3], both filed by Defendant I-10 Properties LLC.  After review of these pleadings and the relevant law, the Court concludes that removal of this case from state court was proper.  Accordingly, the Motion to Remand will be denied.  Additionally, Plaintiffs responded to the Motion to Dismiss by acknowledging that their complaint does not contain sufficient factual allegations to meet the Rule 12(b)(6) standard, and they requested the opportunity to amend their complaint if remand was denied.  Accordingly, the Motion to Dismiss will be granted and

---

[1] Plaintiffs did not file a reply in support of this Motion, and the time for doing so has passed.
[2] Dovenmuehle Mortgage, Inc. did not file a reply in support of this Motion, and the time for doing so has passed.
[3] Plaintiffs did not respond to this Motion, and the time for doing so has passed.

Plaintiffs given leave to file an amended complaint.  Both motions to strike are consequently rendered moot.

## BACKGROUND

Plaintiffs Chad and Brandi Bryant filed this wrongful foreclosure action in the Circuit Court of Harrison County, Mississippi concerning real property in Pass Christian, Mississippi.  Plaintiffs complain that they did not receive notice of the transfer of servicing rights from Defendant Hope Federal Credit Union to Defendant Dovenmuehle Mortgage, Inc.  Plaintiffs allege they were in default at the time of the transfer, but sent late payments sufficient to cover the deficiency.  However, unbeknownst to Plaintiffs, the loan had been accelerated and sold in foreclosure to Defendant I-10 Properties LLC.  Plaintiffs' late payments were returned to them and they received a demand from I-10 Properties to vacate the premises.

Citing a number of deficiencies in the foreclosure sale process, Plaintiffs bring claims for 1) wrongful foreclosure, 2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 3) violation of the Fair Debt Collection Practices Act ("FDCPA"); 4) breach of contract, and 5) negligent infliction of emotional distress.  They seek orders enjoining eviction proceedings and setting aside the foreclosure sale, plus compensatory and statutory damages and attorneys' fees.

## DISCUSSION

**1. The Motion to Remand**

After their lawsuit was removed to this Court, Plaintiffs moved for remand. They contend that this Court cannot afford them complete relief because the Anti-Injunction Act prohibits a federal court from enjoining eviction proceedings. Plaintiffs further argue that if an eviction is ordered in state court, this Court will have no authority to grant possession of the property to them.

Pursuant to 28 U.S.C. § 1441(a), except for circumstances not present here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Generally, "under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014) (emphasis omitted). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations and quotation marks omitted). In this regard, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiffs' complaint clearly states causes of action pursuant to two federal statutes: RESPA, 12 U.S.C. § 2605, and the FDCPA, 15 U.S.C. 1692k. (Am. Compl. 8, 11, ECF No. 1-1.) RESPA and FDCPA claims are removable. *Hopson v. Specialized Loan Serv., LLC*, No. 3:17cv832-DPJ-FKB, 2018 WL 1178959, at *1 (S.D. Miss. Mar. 6, 2018); *Shakir v. Fed. Nat. Mortg. Ass'n*, No. 3:15cv44-MPM-JMV, 2015 WL 4997151, at *5 (N.D. Miss. Aug. 20, 2015). The state law claims are so intertwined with the federal claims as to form part of the same case or controversy, making exercise of supplemental jurisdiction over the state law claims proper. 28 U.S.C. § 1367(a).

Plaintiffs' allegations do not implicate the Anti-Injunction Act[4] because Plaintiffs seek to enjoin *Defendants* – not a state court – from proceeding with any eviction action until the merits of this case are resolved. (Am. Compl. 6, ECF No. 1-1.) This Court may exercise such authority over parties before it.

Finally, Plaintiffs' concern that the Court cannot set aside a state court eviction order appears to be speculative, since they have not alleged a pending action in state court. In any event, this Court must apply Mississippi substantive law to the state-law claims over which it exercises supplemental jurisdiction. *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345, 353 (5th Cir. 1989). This includes the remedies available for wrongful foreclosure

---

4 The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

and breach of contract.  *See The Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 760 (5th Cir. 2019) (considering remedies available under Texas law for legal malpractice).  Should Plaintiffs prevail on their wrongful foreclosure claim, they would "have the right to elect between (1) having the sale set aside and (2) recovering from the mortgagee the damages suffered as a result of the wrongful foreclosure."  *Henderson v. Copper Ridge Homes, LLC*, No. 2017-CA-00959-SCT, 2019 WL 2398706, at *5 (Miss. June 6, 2019).  The relief available to Plaintiffs does not depend on the forum.  Remand will be denied for these reasons.

### 2. The Motion to Dismiss

Defendant Dovenmuehle Mortgage moved for dismissal of Plaintiffs' RESPA, FDCPA, breach of contract, and negligent infliction of emotional distress claims under Fed. R. Civ. P. 12(b)(6).  Plaintiffs responded in opposition, but also "concede that the current complaint does not contain sufficient factual allegations to survive a motion to dismiss on these claims under the pleading requirements for federal court."  (Pl. Resp. 5, ECF No. 17.)  They state they will seek leave to amend the complaint if remand is denied.  (*Id.*)  As the Court has denied remand, Dovenmuehle's Motion to Dismiss will be granted and Plaintiffs will be granted an opportunity to file an amended complaint.

### 3. The Motions to Strike

Defendant I-10 Properties, LLC moved to strike certain allegations concerning individuals who pled guilty to criminal charges, and request a more definite statement concerning the fraud and conspiracy allegations.  Plaintiffs filed


a tardy response to this Motion, and I-10 moved to strike it for untimeliness. Given that Plaintiffs will be filing an amended complaint, these motions are now moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Amended Motion to Remand to State Court filed by Plaintiffs Chad Bryant and Brandi Bryant is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [10] Motion to Dismiss filed by Defendant Dovenmuehle Mortgage, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [3] Motion to Strike and For More Definite Statement and [19] Motion to Strike Response in Opposition filed by Defendant I-10 Properties LLC are **DENIED**.

**IT IS FURTHER ORDERED AND AJDUDGED** that Plaintiffs are granted until **July 1, 2019** to file an amended complaint.

**SO ORDERED AND ADJUDGED** this the 14th day of June, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE