**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **CHAD BRYANT &** | |
| **BRANDI BRYANT** | **PLAINTIFFS** |
| | |
| **VS.** | **CAUSE NO. 19-00249-LG-RHW** |
| | |
| **HOPE CREDIT UNION; DOVENMUEHLE** | **DEFENDANTS** |
| **MORTGAGE, INC.; I-10 PROPERTIES LLC;** | |
| **SHAPIRO AND BROWN, LLC; AND JOHN** | |
| **DOES 1-10** | |

**THIRD AMENDED COMPLAINT
JURY TRIAL DEMANDED**

**COME NOW** the Plaintiffs, Chad Bryant and Brandi Bryant (hereinafter "the Bryants" or "the Plaintiffs"), by and through undersigned counsel, and file this, their Complaint against the Defendants: Hope Credit Union, Dovenmuehle Mortgage, Inc, I-10 Properties LLC, Shapiro and Brown, LLC, and John Does 1-10; and would show unto the Court the following, to-wit:

**I.   PARTIES**

1. Plaintiffs are adult resident citizens of Harrison County, Mississippi and reside at 12221 Vidalia Rd., Pass Christian, MS 39571 (hereinafter "the Subject Property").

2. Defendant, Hope Credit Union (hereinafter "Hope FCU") is a federally chartered credit union with a principal address of 4 Old River Pl., Jackson, MS 39202, that may be served with process by service upon an officer of the institution or anyone authorized by law to receive process.

3. Defendant, Dovenmuehle Mortgage, Inc. (hereinafter "Dovenmuehle") is a Delaware Corporation registered to conduct business in Mississippi and may be served with process through its registered agent, CT Corporation System, at 645 Lakeland East Dr., Suite 101, Flowood, MS 39232.

4. Dovenmuehle is a "Debt Collector" as that term is defined by 15 U.S.C. 1692a as Dovenmuehle is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

5. Defendant, Shapiro and Brown, LLC (hereinafter "Shapiro and Brown") is a Limited Liability Company registered to conduct business in Mississippi and may be served with process through its registered agent, CT Corporation System, at 645 Lakeland East Dr., Suite 101, Flowood, MS 39232.  Its members are residents of Illinois and Virginia for the purpose of determining citizenship.

6. Defendant, I-10 Properties LLC (hereinafter "I-10 Properties") is a Limited Liability Company registered to conduct business in Mississippi and may be served with process through its registered agent, Jay Jordan at 2355 Pass Rd., Biloxi, MS 39531.

7. John Does 1 through 10 are persons or entities yet unknown to the Plaintiffs, who may be liable to the Plaintiffs under the allegations contained in this Complaint.

## II.   JURISDICTION AND VENUE

8. This Court has personal jurisdiction over the Defendants and has jurisdiction over the matters set forth herein pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the acts and omissions alleged herein occurred in this District, at least one of the Defendants resides in this District, and the real property subject of the claim is situated in this District.

## III.   FACTS

10. On or about September 11, 2009, Plaintiffs purchased the Subject Property and

obtained a loan from Hope FCU, secured by a lien on the Subject Property ("the Loan").

11.     The Subject Property is residential real property designed for the occupancy of one to four families.

12.     Hope FCU is a Federal Credit Union regulated by the National Credit Union Administration, an agency of the federal government.

13.     Accordingly the Loan is a Federally Related Mortgage Loan as that term is defined by 12 U.S.C. §2602(1).

14.     In closing the Loan, the Plaintiffs executed a Deed of Trust in favor of Hope FCU listing the Subject Property as security for the Note. Copies of the Note and Deed of Trust are attached hereto as "Exhibit A" and "Exhibit B", respectfully.

15.     The Deed of Trust is a written contract between the Plaintiffs and Hope FCU.

16.     Implicit in the Deed of Trust is a covenant between the parties to conduct business in good faith and fair dealing.

17.     According to a Substitute Trustee's Notice of Sale dated February 1, 2019, Hope FCU purportedly substituted Shapiro and Brown, LLC as trustee under the terms of the Deed of Trust by an instrument dated June 8, 2018 (instrument no. 20185098T-J1 Harrison County Chancery Clerk).  A copy of the Substitute Trustee's Notice of Sale is attached as "Exhibit C."

18.     On January 1, 2018, Hope FCU purportedly transferred servicing rights for the Plaintiff's loan to Dovenmuehle.

19.     The mortgage loan was in default at the time of the transfer of servicing rights.

20.     The Plaintiffs never received notice of the transfer of servicing rights from Hope FCU or Dovenmuehle as required by 12 CFR 1024.33.

21.     On February 4, 2019, the Plaintiffs made a payment of $1,733.00 directly to Hope

FCU 1 Corporate Dr. Suite 360, Lake Zurich, IL 60047 (an address used by Dovenmuehle). A copy of this check - marked as "RECEIVED FEB 04, 2019 BMD" - is attached as "Exhibit D".

22. Following the mailing of this payment, Brandi Bryant contacted either Hope FCU or Dovenmuehle[1] by phone to verify receipt of the payment.

23. In this telephone conversation, a representative from Hope FCU or Dovenmuehle verified receipt of the payment but misrepresented to Brandi Bryant that the loan was at that point delinquent by one additional payment of $1,733.00.

24. The representative made no mention of acceleration or foreclosure during this phone conversation.

25. On February 8, 2019, the Plaintiffs sent an additional payment to Hope FCU at the address provided for Dovenmuehle. A copy of this check - marked as "RECEIVED FEB -8, 2019" by Hope FCU or Dovenmuehle - is attached as "Exhibit E."

26. The reinstatement amount for the Plaintiff's mortgage was actually $3,539.20. If the Defendants had applied the two payments of $1,733.00, the loan would have been in default by a total of $73.20.

27. On February 22, 2019, pursuant to the Notice of Sale (Exhibit C), Shapiro and Brown as the "Substitute Trustee" purportedly sold the Subject Property to I-10 Properties.

28. At the time of the foreclosure sale, the Bryants owed money on a loan to Kevin W. Harper Investments, Inc. ("KWH") and this loan was secured by a second deed of trust on the Subject Property.

29. Kevin W. Harper Investments, Inc. was not notified of the foreclosure sale prior to February 22, 2019.

---

[1] The Plaintiffs use the term "Hope or Dovenmuehle" to describe some of their interactions with the Defendants. This is because correspondence from the Dovenmuehle address utilizes Hope FCU's letterhead and the Plaintiffs are not sure which of those two defendants they were in communication with.

30.     The Plaintiffs have been informed by a representative from KWH that if KWH was notified of the foreclosure sale before the sale date, it would have acted to protect their collateral by curing the Plaintiffs alleged default to Hope FCU or by bidding at the foreclosure sale.

31.     In letters dated February 21, 2019, but postmarked February 22, 2019 (the same date of the foreclosure sale), Hope FCU returned the Plaintiffs two payments of $1,733.00 claiming that it could not accept the payments because "Loan has been accelerated". A copy of these letters and the postmarked envelope are attached as "Exhibit F."

32.     If these payments were returned to the Plaintiffs prior to the foreclosure date, the Plaintiffs would have had notice of the potential for foreclosure.

33.     The Plaintiffs first learned of the purported foreclosure sale when they received a letter entitled "Demand for Vacate Notice". This Letter is attached as "Exhibit G."  Although the letter does not state who the sender is, the Plaintiffs believe it to have been sent by I-10 Properties or one of its affiliates.

34.     On March 7, 2019, Plaintiffs sent a Request for Information to Dovenmuehle and Hope FCU requesting, *inter alia*, "all correspondence to or from the borrower related to the initiation of foreclosure in the past six months".  These letters and receipts are attached as Exhibits H and I, respectively.

35.     On April 22, 2019, the Plaintiffs received a response on Hope FCU letterhead with Dovenmuehle's address that purported to be responses to the Plaintiffs' Request.

36.     The response contained correspondence related to a prior notice of foreclosure, but included no correspondence related to the February 22, 2019 foreclosure, the notice of default, or the acceleration of the Plaintiffs' loan.

37. The Response to the Plaintiffs' Request for Information appeared to lack the correspondence related to the February 22, 2019 foreclosure because no such correspondence existed.

38. The purported foreclosure sale was deficient for the following reasons: [2]

   a. Hope FCU failed to notify the Plaintiffs that default had occurred on the loan as was required to be sent by ¶ 22 of the Deed of Trust.

   b. Hope FCU failed to provide notice to the Plaintiffs specifying to the Plaintiffs the action required to cure the default as was required to be sent ¶ 22 of the Deed of Trust.

   c. Hope FCU failed to provide notice to the Plaintiffs specifying to the Plaintiffs a date, not less than thirty (30) days from the date that notice was given to the Plaintiffs, by which the default must be cured as was required to be sent by ¶ 22 of the Deed of Trust.

   d. Hope FCU failed to provide notice to the Plaintiffs specifying to the Plaintiffs that failure to cure the default on or before the date specified may result in acceleration of the sums secured by the Deed of Trust and sale of the property as was required to be sent by ¶ 22 of the Deed of Trust.

   e. Hope FCU failed to provide notice to the Plaintiffs informing the Plaintiffs of their right to reinstate the Loan after acceleration as was required to be sent by ¶ 22 of the Deed of Trust.

   f. Hope FCU failed to provide notice to the Plaintiffs informing the Plaintiffs of their right to bring an action to dispute the non-existence of an alleged default as was required to be sent by ¶ 22 of the Deed of Trust.

---

[2] After the filing of this case, Hope FCU produced documentation to Plaintiffs' counsel that included documents purporting to be correspondence to the borrowers including a "Notice of Breach" and "Notice of Acceleration" containing some of the required notices. Plaintiffs question the authenticity of such documents because, *inter alia*, Hope FCU failed to produce the same information in response to a Request for Information specifically requesting this documentation and many of the documents produced do not match the style and substance of other correspondence actually received by the Plaintiffs during this same time period.

    g. Hope FCU failed to provide notice to the Plaintiffs informing the Plaintiffs of the acceleration of the loan or of the foreclosure sale as was required to be sent by ¶ 15 of the Deed of Trust.

    h. Hope FCU violated the covenant of Good Faith and Fair Dealing implicit in the Deed of Trust by violating RESPA as discussed *infra.*

    i. Hope FCU violated the covenant of Good Faith and Fair Dealing implicit in the Deed of Trust by waiting until the date of the foreclosure sale to mail the refund checks to the Plaintiffs.

    j. The failure of the Defendants to notify KWH of the foreclosure sale deprived the second mortgage holder of due process.

39. If the Defendants provided actual notice of the pending foreclosure of their home, the Plaintiffs would have taken steps to stop the foreclosure.

40. As a direct consequence of the actions of Dovenmuehle, Shapiro and Massey, and Hope FCU, the Plaintiffs have suffered financial damages in the form of attorneys' fees and the loss of the opportunity to reinstate their home mortgage loan.

41. The Plaintiffs and their children have been harmed financially, emotionally, and mentally, and are in imminent fear of losing their home.

## COUNT ONE -ALL DEFENDANTS
## REQUEST FOR INJUNCTIVE RELIEF
### (Enjoin Eviction)

42. The Plaintiffs re-allege and incorporate each and all of the foregoing allegations as if fully set forth herein.

43. The Plaintiff meets all of the prerequisites for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

44. Monetary damages are not an adequate remedy for the Plaintiffs.

45. The Plaintiffs will suffer irreparable harm in the event the injunction sought is not

granted, as the Plaintiffs and their family may be displaced from their home prior to this Court hearing the merits of their case.

46. Defendants will not be harmed by the granting of the injunction sought because Defendants are adequately protected by the value of the home.

47. This matter was originally filed on March 6, 2019 in the Circuit Court of Harrison County.

48. On March 12, 2019 – after this matter was filed in the Circuit Court of Harrison County, Mississippi – Defendant, I-10 Properties filed a petition for unlawful entry and detainer in the County Court of Harrison County, Mississippi against the Plaintiffs.

49. The County Court denied the Plaintiffs' motion to dismiss that matter and granted a judgment for eviction on May 1, 2019.

50. The judgment for eviction is currently on appeal in the Circuit Court of Harrison County, Mississippi.

51. As a result of the actions of the Defendants, the Plaintiffs have incurred over $2,000.00 in attorneys' fees incurred in the defense and appeal of the eviction.

52. The Plaintiffs have also incurred $2,883.00 in the cost of a supersedeas bond and $392.00 in the amount of an appeals cost bond as a result of the Defendants' actions.

53. Wherefore, the Plaintiffs request that the Court grant an injunction against all of the Defendants; enjoining them from proceeding with any eviction action against the Plaintiffs and their family until the merits of this case are resolved.

### COUNT TWO – ALL DEFENDANTS
### WRONGFUL FORECLOSURE and REQUEST FOR
### INJUNCTIVE RELIEF to SET ASIDE FORECLOSURE

54. The Plaintiffs re-allege and incorporate each and all of the foregoing allegations

as if fully set forth herein.

55. "A mortgagor is entitled to recover damages for a wrongful and fraudulent foreclosure of the mortgage as where an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor; or he may recover damages where the foreclosure is conducted negligently or in bad faith, to his detriment..." *National Mortg. Co. v. Williams*, 357 So. 2d. 934 (Miss. 1978).

56. The Plaintiffs never received notice of acceleration of their loan with Hope FCU.

57. The purported foreclosure sale was deficient for the following reasons: [3]

   a. Hope FCU failed to notify the Plaintiffs that default had occurred on the loan as was required to be sent by ¶ 22 of the Deed of Trust.

   b. Hope FCU failed to provide notice to the Plaintiffs specifying to the Plaintiffs the action required to cure the default as was required to be sent ¶ 22 of the Deed of Trust.

   c. Hope FCU failed to provide notice to the Plaintiffs specifying to the Plaintiffs a date, not less than thirty (30) days from the date that notice was given to the Plaintiffs, by which the default must be cured as was required to be sent by ¶ 22 of the Deed of Trust.

   d. Hope FCU failed to provide notice to the Plaintiffs specifying to the Plaintiffs that failure to cure the default on or before the date specified may result in acceleration of the sums secured by the Deed of Trust and sale of the property as was required to be sent by ¶ 22 of the Deed of Trust.

---

[3] After the filing of this case, Hope FCU produced documentation to Plaintiffs' counsel that included documents purporting to be correspondence to the borrowers including a "Notice of Breach" and "Notice of Acceleration" containing some of the required notices. Plaintiffs question the authenticity of such documents because, *inter alia*, Hope FCU failed to produce the same information in response to a Request for Information specifically requesting this documentation and many of the documents produced do not match the style and substance of other correspondence actually received by the Plaintiffs during this same time period.

    e. Hope FCU failed to provide notice to the Plaintiffs informing the Plaintiffs of their right to reinstate the Loan after acceleration as was required to be sent by ¶ 22 of the Deed of Trust.

    f. Hope FCU failed to provide notice to the Plaintiffs informing the Plaintiffs of their right to bring an action to dispute the non-existence of an alleged default as was required to be sent by ¶ 22 of the Deed of Trust.

    g. Hope FCU failed to provide notice to the Plaintiffs informing the Plaintiffs of the acceleration of the loan or of the foreclosure sale as was required to be sent by ¶ 15 of the Deed of Trust.

    h. Hope FCU violated the covenant of Good Faith and Fair Dealing implicit in the Deed of Trust by violating RESPA as discussed *infra.*

    i. Hope FCU violated the covenant of Good Faith and Fair Dealing implicit in the Deed of Trust by waiting until the date of the foreclosure sale to mail the refund checks to the Plaintiffs.

    j. The failure of the Defendants to notify KWH of the foreclosure sale deprived the second mortgage holder of due process.

58. The representative for Hope FCU or Dovenmuehle that Brandi Bryant spoke with failed to inform her of the acceleration of the Note or of the foreclosure sale during their phone conversation.

59. The failure of this representative to inform Ms. Bryant of the pending foreclosure breached the covenant of Good Faith and Fair Dealing.

60. Hope FCU/Dovenmuehle breached the covenant of Good Faith and Fair Dealing by misrepresenting to the Bryants the reinstatement amount and by not disclosing that they had accelerated the loan during their phone conversation.

61. Hope FCU violated the Deed of Trust by foreclosing on the subject property without complying with the terms of the Deed of Trust – including the covenant of good faith

and fair dealing.

62. Because Dovenmuehle and Hope FCU had direct communication with the Plaintiffs and they failed to communicate to the Plaintiffs that the loan was accelerated and the Subject Property was in foreclosure, they acted in bad faith.

63. The Plaintiffs meet the prerequisites for the granting of injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

64. Monetary damages are not an adequate remedy for the Plaintiffs.

65. The Plaintiffs and their children will suffer irreparable harm in the event the injunction sought is not granted, as the Plaintiffs and their children may be displaced from their home prior to this Court hearing the merits of this case.

66. Wherefore, the Plaintiffs request that the Court grant an injunction setting aside the foreclosure and voiding the Substitute Trustee's Deed relating to the Subject Property.

67. In the alternative, the Plaintiffs seek monetary damages in an amount to be determined by the Court sufficient to compensate them for the wrongful foreclosure sale.

### COUNT THREE – HOPE FCU and DOVEMUEHLE
### VIOLATIONS OF THE REAL ESTATE SETTLEMENT
### PROCEDURES ACT (12 U.S.C. § 2601, *et seq.*)

68. The Plaintiffs re-allege and incorporate each and all of the foregoing allegations as if fully set forth herein.

69. Hope FCU is a "Mortgage Loan Servicer" as defined in 12 U.S.C. §2605(i)(2).

70. Dovenmuehle is a "Mortgage Loan Servicer" as defined in 12 U.S.C. §2605(i)(2).

71. The Plaintiff's Loan owed to Hope FCU is a Federally Related Mortgage Loan as that term is defined by 12 U.S.C. §2602(1). (See *supra* ¶¶10-13).

72. 12 U.S.C. §2605(f)(1) provides:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts . . . In the case of any action by an individual, an amount equal to the sum of — (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

73. 12 U.S.C. §2605(k)(1)(E) further provides that

> A servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

74. Accordingly, the regulations promulgated by the Bureau of Consumer Financial Protection under RESPA, including Regulation X (12 C.F.R. §1024 *et seq.*) are privately enforceable.

75. Hope FCU violated RESPA 12 U.S.C. §2601 *et. seq.* and the regulations promulgated thereunder (Reg. X, 12 C.F.R. 1024.39(a)), which requires a mortgage loan servicer to "establish or make good faith efforts to establish live contact with a delinquent borrower no later than the thirty-sixth (36) day of a borrowers delinquency and again no later than 36 days after each payment due date so long as the borrower remains delinquent."

76. Dovenmuehle violated RESPA 12 U.S.C. §2601 *et. seq.* and the regulations promulgated thereunder (Reg. X, 12 C.F.R. 1024.39(a)), which requires a mortgage loan servicer to "establish or make good faith efforts to establish live contact with a delinquent borrower no later than the thirty-sixth (36) day of a borrowers delinquency and again no later than 36 days after each payment due date so long as the borrower remains delinquent."

77. Hope FCU violated RESPA and the regulations promulgated thereunder, (Reg. X, 12 C.F.R. 1024.40 (a)(1)), which required Hope FCU, as a mortgage servicer, to "assign personnel to a delinquent borrower by the time the servicer provides the borrower with the

written notice required by § 1024.39(b), but in any event, no later than the 45th day of the borrower's delinquency.

78. Dovenmuehle violated RESPA and the regulations promulgated thereunder, (Reg. X, 12 C.F.R. 1024.40(a)(1), which required Dovenmuehle, as a mortgage servicer, to "assign personnel to a delinquent borrower by the time the servicer provides the borrower with the written notice required by § 1024.39(b), but in any event, no later than the 45th day of the borrower's delinquency.

79. 12 C.F.R. 1024.40(b) requires personnel referenced in ¶¶73 and 74 to be able to:

> (1) Provide the Plaintiffs with accurate information about:
>   (i)  Loss mitigation options available to the borrower from the owner or assignee of the borrower's mortgage loan;
>   (ii)  Actions the borrower must take to be evaluated for such loss mitigation options, including actions the borrower must take to submit a complete loss mitigation application, as defined in § 1024.41, and, if applicable, actions the borrower must take to appeal the servicer's determination to deny a borrower's loss mitigation application for any trial or permanent loan modification program offered by the servicer;
>   (iii)  The status of any loss mitigation application that the borrower has submitted to the servicer;
>   (iv)  The circumstances under which the servicer may make a referral to foreclosure; and
>   (v)  Applicable loss mitigation deadlines established by an owner or assignee of the borrower's mortgage loan or § 1024.41.
> (2)  Retrieve, in a timely manner:
>   (i)  A complete record of the borrower's payment history; and
>   (ii)  All written information the borrower has provided to the servicer, and if applicable, to prior servicers, in connection with a loss mitigation application

80. Accordingly, if said personnel had been assigned to the Plaintiffs, they would have been placed in communication with such personnel when the Plaintiffs contacted the Defendants

81. On March 7, 2019, Plaintiffs sent a Request for Information to Dovenmuehle and Hope FCU requesting, *inter alia*, "all correspondence to or from the borrower related to the

initiation of foreclosure in the past six months". See, Exhibits H and I.

82. On April 22, 2019, the Plaintiffs received a response on Hope FCU letterhead with Dovenmuehle's address that purported to be responses to the Plaintiffs' Request.

83. The response contained correspondence related to a prior notice of foreclosure, but included no correspondence related to the February 22, 2019 foreclosure, the notice of default, or the acceleration of the Plaintiffs' loan.

84. As a direct consequence of the actions of Dovenmuehle and Hope FCU, the Plaintiffs have suffered financial damages in the form of attorneys' fees and the loss of the opportunity to modify or reinstate their home mortgage loan.

85. If the Defendants had complied with their duties under RESPA, the Plaintiffs would have been informed of their loss mitigation options, received notification of the pending foreclosure, and would have taken steps to stop the foreclosure and save their home.

86. Based on the foregoing violation of the RESPA, the Plaintiffs are entitled to recover actual damages, statutory damages, and attorneys' fees.

## COUNT FOUR– HOPE FCU
## BREACH OF CONTRCT

87. The Plaintiffs re-allege and incorporate each and all of the foregoing allegations as if fully set forth herein.

88. The Deed of Trust was a written contract between Plaintiffs and Hope FCU.

89. Implicit in the Deed of Trust is a covenant between the parties to conduct business in good faith and fair dealing.

90. The Deed of Trust, specifically ¶ 22, required notification to Plaintiffs prior to acceleration following any breach of an agreement in the Deed of Trust, that specifics (a) the default, (b) the action required to cure said default, (c) a date not less than 30 days from the date

of notice to borrower by which the borrower must cure the default, and (d) that the failure to cure the default on or before the specified date in notice may result in acceleration of the sums secured by the Deed of Trust and sale of the property. In addition, this notice is required to further inform the borrowers of the right to reinstate after acceleration and his/her right to bring court action to prevent foreclosure sale.

91. Contrary to – and in complete disregard for – the terms of the Deed of Trust, Hope FCU instituted foreclosure proceedings against the Plaintiffs without proper notice of acceleration of the Loan.

92. Plaintiffs did not receive any communication alerting them that the Loan had been accelerated or that they had an opportunity to cure the default or institute legal proceedings to protect their interest.

93. Plaintiffs were not given an opportunity to reinstate the Loan despite communicating with a representative from Hope/Dovenmuehle just weeks before the sale date.

94. Hope FCU breached the terms of the contract with the Plaintiffs.

95. Compliance with the terms of the Deed of Trust is condition precedent to instituting the foreclosure process under the explicit terms of the Deed of Trust.

96. Plaintiffs were damaged as a direct result of the Defendants' breach of contract, and Plaintiffs are entitled to damages from Defendants as set forth below, including, but not limited to, cancellation of the foreclosure sale and/or return of their property.

## COUNT FIVE (DOVENMUEHLE)
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT

97. The Plaintiffs re-allege and incorporate each and all of the foregoing allegations as if fully set forth herein.

98. Dovenmuehle is a person who uses the U.S. Mail and telephone networks to aid in

the collection of debts owed to others.

99. The Plaintiffs are "consumers" as that term is defined by 15 U.S.C. §1692a as they are natural persons allegedly obligated to pay a debt.

100. By misrepresenting the past due amount to the Plaintiffs in their phone conversation, Dovenmuehle violated 15 U.S.C. §1692e which prohibits false or misleading representations made during the collection of a debt.

101. Because the phone conversation was not part of the non-judicial foreclosure, Dovenmuehle cannot escape liability for its misrepresentations under *Obdusky v. McCarthy Holthus LLP,* 139 S.Ct. 1029 (2019)

102. Dovenmuehle violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692g when it failed to provide the Plaintiffs the written notice required by §1692g.

103. Based on the foregoing violations of the FDCPA, the Plaintiffs are entitled to recover actual damages, statutory damages, and attorneys' fees against Dovenmuehle.

## COUNT SIX (ALL DEFENDANTS)
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

104. The Plaintiffs re-allege and incorporate each and all of the foregoing allegations as if fully set forth herein.

105. The Defendants, through their acts and/or omissions and those of their agents, engaged in outrageous conduct directed toward the Plaintiffs by failing to comply with the contractual prerequisites to the power of sale provisions of the Deed of Trust or by failing to comply with the law regarding the foreclosure of the Plaintiff's home.

106. The Plaintiffs suffered severe, emotional distress that was actually and proximately caused by the negligent conduct of the Defendants,

107. The Plaintiffs will prove the amount of the damages, which is currently unknown,

at the time of the trial of this cause.

## JURY DEMAND

The Plaintiffs are entitled to – and hereby demand – a trial by jury on the merits of this case.

## REQUEST/PRAYER FOR RELIEF

**NOW THEREFORE**, the Plaintiffs pray for the following relief:

A. That the Defendants be enjoined from enforcing any eviction proceeding against the Plaintiffs.

B. That the sale of the Property via the Foreclosure sale be set aside due to violations of the terms of the Deed of Trust.

C. That the sale of the Property via the Foreclosure sale be set aside for violations of the RESPA regulations, and for damages for violations of the RESPA regulations.

D. That Hope FCU be assessed with actual damages, statutory damages, and attorney fees for violations of RESPA.

E. That Dovenmuehle be assessed with actual damages, statutory damages, and attorney fees for violations of RESPA.

F. That Dovenmuehle be assessed with actual damages, statutory damages, and attorney fees for violations of the FDCPA.

G. That Plaintiffs be granted judgment for damages against the Defendants for negligent infliction of emotional distress.

      H.      That the Plaintiffs be awarded such other and further relief to which they may be entitled.

**RESPECTFULLY SUBMITTED** this 28th Day of January 2020

              */s/ Chad Bryant*
              **CHAD BRYANT and**

              */s/ Brandi Bryant*
              **BRANDI BRYANT**

Through Counsel:   */s/Michael T. Ramsey*
                       Michael T. Ramsey, MS Bar No. 104978
                       Attorney for the Plaintiff

Sheehan Law Firm, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
(228) 875-0572 / fax:  (228) 875-0895
mike@sheehanlawfirm.com