**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

CHAD BRYANT and BRANDI BRYANT,

      Plaintiffs,

v.

HOPE CREDIT UNION; DOVENMUEHLE
MORTGAGE, INC; I-10 PROPERTIES LLC;
SHAPIRO AND BROWN, LLC; and JOHN
DOES 1-10,

      Defendants.

Case No. 1:19-cv-00249-LG-RHW

**DOVENMUEHLE MORTGAGE, INC'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

COMES NOW, Dovenmuehle Mortgage, Inc. ("DMI"), a named Defendant in the above-styled civil action, and files this Brief in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS**

The current Third Amended Complaint is now the Plaintiffs' fourth attempt to state viable claims regarding the foreclosure sale of the property located at 12221 Vidalia Road, Pass Christian, Mississippi 39571 (the "Property"). [Doc. 33] at ¶ 1. On September 11, 2009, Plaintiffs Chad and Brandi Bryant purchased the Property and obtained a mortgage loan from Hope Credit Union ("Hope"), secured by a deed of trust encumbering the Property. *Id.* at ¶ 10. According to the Plaintiffs, the mortgage is a "Federally Related Mortgage Loan as that term is defined by 12 U.S.C. § 2602(1)." *Id.* at ¶ 13. On January 1, 2018, servicing of the loan was transferred to DMI from Hope, but the Plaintiffs contend that the required notice of transfer was

not sent by either Hope or DMI. *Id.* at ¶¶ 18, 20. At the time of the servicing transfer, the Plaintiffs admit that they were in default on their mortgage payments. *Id.* at ¶ 19.

Fast forwarding to over one year later, the Plaintiffs next state that on February 4, 2019, they "made a payment of $1,733.00 directly to Hope" at an address used by DMI. *Id.* at ¶ 21. After sending in this payment, Brandi Bryant called Hope or DMI to confirm receipt and was told that the payment was received, "but [the representative] misrepresented to [her] that the loan was at that point delinquent by one additional payment of $1,733.00." *Id.* at ¶ 23. "The representative made no mention of acceleration or foreclosure during this phone conversation." *Id.* at ¶ 24. The Plaintiffs sent in an additional payment of $1,733.00 on February 8, 2019. *Id.* at ¶ 25. However, the Plaintiffs allege that this additional payment did not bring the loan current because "[t]he reinstatement amount for the Plaintiff's mortgage was actually $3,539.20" and therefore an additional $73.20 was due. *Id.* at ¶ 26.

The Property was sold to I-10 Properties at foreclosure sale on February 22, 2019, by Shapiro and Brown, acting as the Substitute Trustee. *Id.* at ¶ 27. The Plaintiffs contend that Hope failed to give them required notice of default per the terms of the deed of trust, failed to give them notice of the foreclosure sale, and failed to notify the second lienholder (KWH) of the sale. *Id.* at ¶ 38. They claim that these allegations are accurate because they "sent a Request for Information to Dovenmuehle and Hope FCU" on March 7, 2019, requesting copies of these notices, and did not receive them. *Id.* at ¶¶ 34-37 (although in fn.2 of the Third Amended Complaint, they admit they were given copies of these notices in a subsequent communication from Hope's counsel). Because they claim not to have received advance notice of the sale, the Plaintiffs state that they first learned of the foreclosure sale when they received a "Demand for Vacate Notice" from the purchaser at foreclosure, I-10 Properties. *Id.* at ¶ 33. Following the

2

foreclosure sale, Hope returned the two payments of $1,173.00 by letters dated February 21 and 22, 2019, stating that the payments could not be accepted due to acceleration of the loan. *Id.* at ¶ 31.

Just like their three prior attempts to state viable causes of action, this fourth bite at the apple suffers from nearly the same deficiencies as the prior pleadings. This Court should dismiss this action *with prejudice* and not allow the Plaintiffs another futile attempt to state claims.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

**A.    STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the Complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); *Matter of Parker*, 655 Fed. Appx. 993, 996 (5th Cir. 2016).

**B.     DMI IS NOT A PROPER PARTY TO THE REQUEST FOR INJUNCTIVE RELIEF**

In Count One, the Plaintiffs request a preliminary injunction under Fed. R. Civ. P. 65 against all Defendants to enjoin an eviction action filed by I-10 Properties in state court. There are absolutely no allegations in the Third Amended Complaint that DMI is involved in the eviction case, and thus Count One is not properly directed at DMI. To the extent that this can even be construed as an independent claim (it should be brought as a stand-alone motion), it must be dismissed as to DMI.

**C.     THE PLAINTIFFS HAVE FAILED TO SHOW THAT THEY ARE ENTITLED TO RECOVER DAMAGES AGAINST DMI FOR WRONGFUL FORECLOSURE**

In Count Two, the Plaintiffs allege a claim of wrongful foreclosure against all Defendants. *See* [Doc. 33] at ¶¶ 54-67. Under Mississippi law, "[a] mortgagor is entitled to recover damages for a wrongful or fraudulent foreclosure of the mortgage, as where an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor; or he may recover damages where the foreclosure is conducted negligently or in bad faith, to his detriment." *Nat'l Mortg. Co. v. Williams*, 357 So.3d 934, 935-36 (Miss. 1978) (quoting 59 C.J.S. Mortgages s 491 at 774 (1949)). The plaintiff must elect their remedy and can either seek to have the sale set aside or request damages. *Id.* at 937. "[T]he measure of damages allowable to a mortgagor for a wrongful foreclosure sale fully executed, is the difference between the amount of his debt and the value of the land on the day of the sale." *Blair v. GMAC Mortg., LLC*, No. 3:09CV10-SA-SAA, 2009 WL 324053, at *2 (N.D. Miss. Feb. 9, 2009) (citing *Fed. Lank Bank v. Robinson*, 134 So. 180 (Miss. 1931)).

Here, the Plaintiffs are primarily seeking to rescind the foreclosure sale and are only requesting damages "in the alternative." [Doc. 33] at ¶¶ 66-67. The amount of damages they seek is not specified and they request damages only "in an amount to be determined by the Court

sufficient to compensate them for the wrongful foreclosure sale." *Id.* at ¶ 67. However, this is insufficient to state a claim as to DMI. If the Plaintiffs primarily seek to rescind the foreclosure sale, DMI is not a proper party to this claim because it is never alleged that DMI held title or any interest in the subject deed of trust. In fact, the Plaintiffs admit that it is only a "written contract between [them] and Hope FCU." *Id.* at ¶ 15. As such, rescission is not possible as to DMI and there is no relief possible against DMI if rescission is the elected remedy.

On the other hand, damages may be recoverable against parties other than the mortgagee. *See, e.g., Eastover Bank for Sav. v. Hall*, 587 So.2d 266, 272 (Miss. 1991) (upholding award of damages against foreclosure trustee).[1] But, as noted above, damages are limited to the mortgagor's lost equity in the property. Here, the Plaintiffs have pleaded no facts showing that they lost any equity as a result of the foreclosure sale. In fact, they admit to having at least one additional deed of trust encumbering the Property, [Doc. 33] at ¶ 28, which further depletes equity to the extent that any existed above the debt owing on Hope's deed of trust. Without facts showing that they have suffered any compensable damages, the Plaintiffs cannot state a claim for wrongful foreclosure against DMI.

## D.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER RESPA

In Count Three, the Plaintiffs re-allege the same RESPA claim that this Court previously found deficient for failing to give them a private right of action. Specifically, the Plaintiffs allege that DMI violated RESPA in the following ways:

- "Dovenmuehle violated RESPA 12 U.S.C. § 2601 *et. seq.* and the regulations promulgated thereunder (Reg. X, 12 C.F.R. 1024.39(a)), which requires a mortgage loan servicer to "establish or make good faith efforts to establish live contact with a delinquent borrower no later than the thirty-sixth (36) day of a

---

[1] DMI contends that wrongful foreclosure should be limited to claims against the mortgagee only and is not conceding that a servicer could be liable for wrongful foreclosure. The cited case of *Hall* was against a trustee, who held bare legal title to the property on behalf of the creditor and not a servicer. However, for purposes of this motion, it is not necessary to resolve this question as the claim can be dismissed for other reasons that do not require resolution of a novel legal question.

borrowers delinquency and again no later than 36 days after each payment due date so long as the borrower remains delinquent." [Doc. 33] at ¶ 76.

- "Dovenmuehle violated RESPA and the regulations promulgated thereunder, (Reg. X, 12 C.F.R. 1024.40(a)(1), which required Dovenmuehle, as a mortgage servicer, to "assign personnel to a delinquent borrower by the time the servicer provides the borrower with the written notice required by § 1024.39(b), but in any event, no later than the 45th day of the borrower's delinquency." *Id.* at ¶ 78.

This Court, however, has already held that there is no private cause of action available to the Plaintiffs under 12 C.F.R. § 1024.39. [Doc. 32] at p. 7 (citing *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016). In fact, the Plaintiffs *conceded* this point. *Id.* (citing Doc. 28 at p. 2). Although the Plaintiffs did not previously assert a violation of 12 C.F.R. § 1024.40, there is also no private cause of action under that regulation. *See Schmidt v. PennyMac Loan Services, LLC*, 106 F. Supp. 3d 859, 867-70 (E.D. Mich. 2015). For this reason alone, Count Three must be dismissed.

Even if there was a private cause of action available to the Plaintiffs, they have still failed to state a claim. In order to state a plausible claim under RESPA, a plaintiff must plead facts showing that they have suffered actual damages as a result of the RESPA violation(s). *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 787-88 (S.D. Miss. 2014) (collecting cases). This is in addition to the standard requirement that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Here, the Plaintiffs have pleaded no facts showing how DMI violated RESPA, and only set forth two paragraphs declaring that it did by simply quoting the statute and saying that DMI violated RESPA. *See* [Doc. 33] at ¶¶ 76, 78.

Moreover, the Plaintiffs have pleaded no facts showing how they have been damaged as a result of any alleged RESPA violation. Instead, they said only that they "have suffered financial damages in the form of attorneys' fees and the loss of the opportunity to modify or reinstate their

6

home mortgage loan." *Id.* at ¶ 84. However, attorney's fees are not damages in and of themselves and instead are recoverable only once an underlying RESPA violation has been proven. *See* 12 U.S.C. § 2605(f)(3). If the attorney's fees incurred in filing suit were recoverable, then every RESPA claim would have built in damages, which is not the case. *See Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) (costs of filing suit are not an actual damage under RESPA). Additionally, "the opportunity to modify or reinstate their loan" is not a recoverable actual damage because "[u]nder RESPA, a borrower may not recover actual damages for nonpecuniary losses." *Id.* (citations omitted). A "lost opportunity" to apply for a loan modification that may or may not be offered and accepted is purely speculative and cannot by quantified. *See Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674-75 (5th Cir. 2015).

The allegation that the Plaintiffs lost the opportunity to reinstate the loan fails for two reasons. First, like their wrongful foreclosure claim, they have not alleged that they lost any equity in the Property as a result of the foreclosure sale. Second, the RESPA regulations at issue just require a "good faith effort" to make contact and to assign personnel to work on the specific account. There are no requirements that they ensure that contact is made with the borrower or give them notice of the foreclosure sale. *See* 12 C.F.R. 1024.39(a); 12 C.F.R. 1024.40(a)(1). As the Plaintiffs' recognize, *see* [Doc. 33] at ¶ 57(g), notice of the foreclosure sale is governed by the deed of trust, to which DMI is not a party. *See* 12 C.F.R. 1024.39(a); 12 C.F.R. 1024.40(a)(1). In short, the Plaintiffs have failed to show that they have suffered compensable damages under RESPA, and the claim must be dismissed.

**E.      PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FDCPA**

Plaintiffs assert in Count Five that DMI violated 15 U.S.C. §§1692e and 1692g of the Fair Debt Collection Practices Act ("FDCPA"). [Doc. 33] at ¶¶ 97-103. The FDCPA regulates only the conduct of "debt collectors" as defined by the Act, and in order to state a claim, a Plaintiff must allege facts showing that the defendant meets the statutory definition. *In re Banny*, No. 11-51783-KMS, 2012 WL 7655322, at *4 (Bankr. S.D. Miss. Apr. 23, 2012), *adopted sub nom. Banny v. OneWest Bank, FSB*, No. 1:11-CV-172-LG-RHW, 2013 WL 796787 (S.D. Miss. Mar. 4, 2013).

> A "'debt collector,'" the Act says, is "any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts." § 1692a(6). This definition, however, goes on to say that "[f]or the purpose of section 1692f(6)" (a separate provision of the Act), "[the] term [debt collector] also includes any person ... in any business the principal purpose of which is the enforcement of security interests." *Ibid.*

*Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1031, 203 L. Ed. 2d 390 (2019). "[T]hose who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Id.* at 1038.

Here, the Plaintiffs' claim fails to show that DMI is a "debt collector" for two reasons. First, they made only the conclusory assertion that DMI is a debt collector as it is defined by the FDCPA because it is "a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." [Doc. 33] at ¶ 98. However, this is simply a recitation of the definition of a debt collector. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Plaintiffs further allege that DMI is a person who uses the

U.S. Mail and telephone networks to aid in collection of debts owed to others. [Doc. 33] at ¶ 98. Again, Plaintiffs allege no facts to indicate a use of interstate commerce or the mail by DMI as an attempt to collect debt. It is well established that a Complaint cannot contain a recitation of the elements of a cause of action and naked assertions devoid of any factual enhancement. *See Iqbal*, 556 U.S. at 678 (2009).

Second, the allegations of the Third Amended Complaint show that DMI was only engaging in nonjudicial foreclosure and therefore can only be a debt collector for purposes of 15 U.S.C. § 1692g. *Obduskey*, 139 S. Ct. at 1031. In fact, this Court held just that in its prior order dismissing the Second Amended Complaint. [Doc. 32] at pp. 7-8. Although the Plaintiffs, in their Third Amended Complaint, stated that *Obduskey* does not apply "[b]ecause the phone conversation was not part of the non-judicial foreclosure," [Doc. 33] at ¶ 101, this Court already considered the conversation in its prior conclusion. *See* [Doc. 32] at p. 7 ("They contend that Dovenmuehle misrepresented the past due amount and failed to disclose the impending foreclosure during the phone conversation with Brandi Bryant . . . . ."). Thus, there are no differences in the factual allegations underpinning the FDCPA claim in the Third Amended Complaint. Count Five should be dismissed.

But even if Plaintiffs' FDCPA claim was to survive, the Plaintiffs only make a conclusory assertion that they "are entitled to recover actual damages" with absolutely no facts alleged to support that they have incurred any actual damages. [Doc. 33] at ¶ 91.

> The FDCPA provides that any debt collector who fails to comply with the FDCPA with respect to any person is liable to such person for (1) any actual damages sustained by the person as a result of such failure; (2) statutory damages as the Court may allow, but not exceeding $1,000; and (3) the costs of the action, together with a reasonable attorney fee as determined by the Court.

*Meyer v. Turner*, No. 1:13-cv-443-JCG, 2015 WL 7300562, at *4 (S.D. Miss. Nov. 18, 2015).

"[S]everal Courts of Appeal have . . . concluded that consumers may recover statutory damages for violations of the FDCPA even in the absence of any 'actual damages.'" *Abernathy v. NCC Bus. Servs., Inc.*, No. 2:11-CV-219-SA-SAA, 2012 WL 4320810, at *3 (N.D. Miss. Sept. 18, 2012) (collecting cases). However, the recovery of actual damages is not permitted unless a plaintiff sets forth sufficient allegations in their complaint supporting such damages. *Douglas v. Southstar Funding, LLC*, No. 1:18-CV-1802-MLB-JSA, 2018 WL 6136792, at *8 (N.D. Ga. Oct. 18, 2018) (citing *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)) (citations omitted). Because the Plaintiffs have pleaded no facts in support of their skeletal claim for actual damages, this Court should find that even if the FDCPA claim can survive this motion, that it can proceed only as to possible statutory damages.

## F.    THE PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The final claim – Count Six – seeks damages for Negligent Infliction of Emotional Distress [Doc. 33] at ¶¶ 104-107. This is the *verbatim* claim that was dismissed in the Second Amended Complaint. *Compare id. with* [Doc. 22] at ¶¶ 92-95. This Court found that the Plaintiffs utterly failed to state a claim:

> Plaintiffs allege that Hope and Dovenmuehle "engaged in outrageous conduct directed toward the Plaintiffs by failing to comply with the contractual prerequisites to the power of sale provisions of the Deed of Trust or by failing to comply with the law regarding the foreclosure of the Plaintiff's home," and that Plaintiffs therefore suffered "severe, emotional distress that was actually and proximately caused by the negligent conduct of the Defendants." (2d Am. Compl. 15 (¶¶93-94), ECF No. 22.) "Unlike the tort of intentional infliction of emotional distress, a plaintiff may not recover for a claim of negligent infliction of emotional distress without showing that he or she suffered a physical injury." *Hambrick v. Bear Stearns Residential Mortg.*, No. 1:07CV258-P-D, 2008 WL 5132047, at *4 (N.D. Miss. Dec. 5, 2008) (citations and quotation marks omitted); *see also Stewart v. GMAC Mortg., LLC*, No. 2:10-cv-00149-DCB-JMR, 2011 WL 1296887, at *10 (S.D. Miss. Mar. 31, 2011) ("[A] claim for negligent infliction of emotional distress requires allegations of some sort of physical manifestation of injury or demonstrable harm, whether it be physical or mental.") Plaintiffs have

alleged no facts describing any physical manifestation of their alleged distress. Further, even if the conduct alleged against Hope and Dovenmuehle were true, such conduct would be insufficient to state a claim for negligent infliction of emotional distress. *See Fouché v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 789 (S.D. Miss. 2008) (holding as to negligent and/or intentional infliction of emotional distress that "no reasonable person could conclude that defendant's alleged violations of the FDCPA were the proximate cause of [plaintiff's] emotional distress").

As a result, the Second Amended Complaint fails, as a matter of law, to state a claim for negligent infliction of emotional distress against Hope or Dovenmuehle.

[Doc. 32] at pp. 11-12.

Since the claim here is identical, it fails for the same reasons. The Plaintiffs have failed to plead any facts showing that they suffered a physical injury and the conduct complained of cannot, as a matter of law, give rise to a claim for negligent infliction of emotional distress. Count Six must be dismissed.

## CONCLUSION

Based on the foregoing, DMI respectfully requests that this Court grant its Motion to Dismiss. Further, DMI requests that this dismissal be *with prejudice*, as the Plaintiffs have been given ample opportunity to state viable causes of action without success. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5fth Cir. 2000) (citation omitted) (leave to amend need not be given to cure pleading deficiencies if "the defect is uncurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

Respectfully submitted, this 11th day of February 2020.

*/s/ Amanda M. Beckett*
AMANDA M. BECKETT (MS Bar No. 102738)
**RUBIN LUBLIN, LLC**
428 North Lamar Blvd., Suite 107
Oxford, Mississippi 38655
(601) 398-0153 (Telephone)
(404) 921-9016 (Facsimile)
abeckett@rubinlublin.com
*Attorney for Dovenmuehle Mortgage, Inc.*

11

### CERTIFICATE OF SERVICE

I hereby certify that I have, this 11th day of February 2020, filed the within and foregoing by CM/ECF, which will serve notice on all parties.

_/s/ Amanda M. Beckett_____
AMANDA M. BECKETT (MS Bar No. 102738)