## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**CHAD BRYANT and BRANDI BRYANT**                                  **PLAINTIFFS**

**v.**                                                 **CASE NO. 1:19-cv-00249-LG-RHW**

**HOPE CREDIT UNION; DOVENMUEHLE**
**MORTGAGE, INC; I-10 PROPERTIES LLC;**
**SHAPIRO AND BROWN, LLC; and JOHN**
**DOES 1-10**                                                      **DEFENDANTS**

---

### ANSWER AND DEFENSES OF HOPE FEDERAL CREDIT UNION TO
### THE THIRD AMENDED COMPLAINT

---

Hope Federal Credit Union ("Hope") files this *Answer and Defenses* to the *Third Amended Complaint* (Dkt. #33, the "Third Amended Complaint") filed by Chad Bryant and Brandi Bryant (together, the "Plaintiffs"), as follows:

### DEFENSES TO THE THIRD AMENDED COMPLAINT

Without assuming the burden of proof as to any matter on which the Plaintiffs bear the burden, and reserving the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery, and without waiving its rights to any defenses otherwise available to it under applicable law, Hope hereby asserts the following defenses to the Third Amended Complaint:

### FIRST DEFENSE

The Third Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, the Third Amended Complaint should be dismissed consistent with Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

Under 12 C.F.R. § 1024.30, subpart C to RESPA Regulation X applies only to a "mortgage loan, as that term is defined in § 1024.31." A "mortgage loan" is defined in 12 C.F.R. § 1024.31 as "any federally related mortgage loan, as that term is defined in § 1024.2 subject to the exemptions in § 1024.5(b) . . . ." The definition of "federally related mortgage loan" in 12 C.F.R. § 1024.2 requires that the loan be "secured by a first or subordinate lien on residential real property," among other things. Once the Subject Property was foreclosed upon on February 22, 2019, the Plaintiffs' loan from Hope was no longer secured by a first or subordinate lien on residential real property, and it therefore ceased to be a "federally related mortgage loan" on or after February 22, 2019. Accordingly, to the extent the Third Amended Complaint alleges that Hope violated RESPA by conduct alleged to have occurred after the February 22, 2019, foreclosure sale, such allegations should be dismissed as a matter of law.

**THIRD DEFENSE**

Prior to the filing of the Third Amended Complaint, Hope provided the Plaintiffs' counsel with documentation and information demonstrating that Hope and DMI complied with all applicable requirements of the Deed of Trust and applicable law, and otherwise showing that the Plaintiffs' allegations against Hope are without merit. Therefore, the claims and allegations against Hope in the Third Amended Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, the factual contentions against Hope in the Third Amended Complaint do not have evidentiary support, and the Third Amended Complaint may have been presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**FOURTH DEFENSE**

Prior to the filing of the Third Amended Complaint, this Court entered its *Order Granting Motions to Dismiss* (Dkt. # 32) (the "Order of Dismissal") on January 14, 2020, in which this Court specifically found that the Plaintiffs had failed to allege that they had complied with the provisions in the Deed of Trust requiring notice to Hope prior to filing this suit, and that Hope was "entitled to dismissal without prejudice of Plaintiffs' claims for this pleading deficiency." The Plaintiffs have again failed to allege that they provided Hope with the required notice. Therefore, the claims and allegations against Hope in the Third Amended Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, the factual contentions against Hope in the Third Amended Complaint do not have evidentiary support, and the Third Amended Complaint may have been presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**FIFTH DEFENSE**

The proximate and/or contributing cause of the incidents and resulting damages, if any, as complained of by Plaintiffs in the Third Amended Complaint was the conduct of others over whom Hope had and has no authority or control.

**SIXTH DEFENSE**

The Plaintiffs have not suffered any damages caused by Hope.

**SEVENTH DEFENSE**

Hope is not liable with respect to any claim or claims set forth in the Third Amended Complaint because, among other possible things, Hope's conduct at all times complied with,

and was in good faith conformity with, all applicable contracts, rules, regulations, statutes, and laws.

## EIGHTH DEFENSE

The Defendants have failed to mitigate their damages, the existence of any of which is denied.

## NINTH DEFENSE

Some or all of the claims asserted in the Third Amended Complaint are barred by the doctrines of law of the case, waiver and/or estoppel, including but not necessarily limited to the doctrines of equitable estoppel, judicial estoppel, and/or estoppel by pleading.

## TENTH DEFENSE

Some or all of the claims asserted in the Third Amended Complaint are barred by the Anti-Injunction Act (28 U.S.C. § 2283), the *Rooker-Feldman* Doctrine, and/or *res judicata*.

## ELEVENTH DEFENSE

Some or all of the claims asserted in the Third Amended Complaint are barred by the doctrine of laches.

## TWELFTH DEFENSE

Some or all of the claims asserted in the Third Amended Complaint are barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

Some or all of Plaintiffs' claims are inadequately pled under Fed. R. Civ. P. 8.

## FOURTEENTH DEFENSE

To the extent the Plaintiffs relied on any alleged misrepresentation of Hope (the existence of which is denied), such reliance was not reasonable as a matter of law because the

Plaintiffs had the opportunity to make an examination and thereby ascertain the truth and verify the alleged statement(s), and the Plaintiffs therefore are charged with the knowledge they necessarily would have obtained if they had conducted such examination with diligence.

### FIFTEENTH DEFENSE

To the extent the Plaintiffs relied on any alleged misrepresentation of Hope (the existence of which is denied), such reliance was not reasonable as a matter of law to the extent the alleged misrepresentation(s) concerned generalities equally within the knowledge or the means of acquiring knowledge possessed by both Hope and the Plaintiffs.

### SIXTEENTH DEFENSE

Some or all of the claims asserted in the Third Amended Complaint are subject to the terms and conditions of the underlying transaction(s), and all other defenses available to Hope thereunder.

### SEVENTEENTH DEFENSE

Hope is not liable to the Plaintiffs under any contractual or quasi-contractual legal theories. Hope did not breach any legal, contractual, common law, or statutory duty allegedly owed to the Plaintiffs.

### EIGHTEENTH DEFENSE

Some or all of the Plaintiffs' claims are barred, in whole or in part, to the extent the actions of Hope of which the Plaintiffs complain are privileged exercises of Hope's legal and contractual rights.

## NINTEENTH DEFENSE

Hope's alleged conduct towards the Plaintiffs was at all times commercially reasonable, and conformed with normal and ordinary standards practiced in the relevant industry or industries.

## TWENTIETH DEFENSE

The Plaintiffs are not entitled, in equity or good conscience, to any relief whatsoever from Hope.

## TWENTY-FIRST DEFENSE

Hope affirmatively pleads all defenses available to it pursuant to the Federal Rules of Civil Procedure.

## TWENTY-SECOND DEFENSE

The facts having not been fully developed, out of an abundance of caution, and consistent with *Hutzel v. City of Jackson*, 33 So. 3d 1116 (Miss. 2008), Hope hereby asserts all affirmative defenses to which it may be entitled, as may be applicable to the Third Amended Complaint, including the following: The Plaintiffs' failure to mitigate damages or take reasonable steps to avoid damages and to exercise ordinary care, election of remedies, accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, undue influence, waiver, and any other matter constituting an avoidance or affirmative defense, including, but not limited to, any defense or motions available to Hope under Fed. R. Civ. P. 12, such as lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue,

insufficiency of process, insufficiency of service of process, and/or failure to state a claim upon which relief can be granted.

### TWENTY-THIRD DEFENSE

Hope reserves the right to assert that some or all of the claims in the Third Amended Complaint and the defenses thereto are subject to arbitration. By filing this *Answer and Defenses*, Hope does not waive, but rather specifically reserves any rights it may have to move to compel arbitration of some or all of the claims in the Third Amended Complaint and the defenses thereto.

### TWENTY-FOURTH DEFENSE

Hope reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation, document exchange, and discovery.

### ANSWER

Without waiving any defenses, but fully reserving, reaffirming, and realleging the same, and specifically reserving all benefits and advantages which may be had as a result of any errors, uncertainties, imperfections, and/ or insufficiencies of the Third Amended Complaint, Hope specifically answers the enumerated and unenumerated allegations of the Third Amended Complaint, paragraph by paragraph, as set forth below. Unless specifically admitted herein, the allegations of the Third Amended Complaint are denied.

### I. PARTIES

1.      Paragraph no. 1 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits the allegations of Paragraph no. 1.

2.      Hope admits the allegations of Paragraph no. 2 of the Third Amended Complaint.

3.      Paragraph no. 3 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph no. 3, which allegations therefore are denied.

4.      Paragraph no. 4 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 4.

5.      Paragraph no. 5 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph no. 5, which allegations therefore are denied.

6.      Paragraph no. 6 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph no. 6, which allegations therefore are denied.

7.      Paragraph no. 7 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph no. 7, which allegations therefore are denied.

## II. JURISDICTION AND VENUE

8.      Hope admits the allegations of Paragraph no. 8 of the Third Amended Complaint.

9.      Hope admits the allegations of Paragraph no. 9 of the Third Amended Complaint.

### III. FACTS

10.      Hope admits the allegations of Paragraph no. 10 of the Third Amended Complaint.

11.      Concerning the allegations of Paragraph no. 11 of the Third Amended Complaint, Hope admits that the Subject Property is residential real property, but denies that it is designed for the occupancy of more than one family.

12.      Concerning the allegations of Paragraph no. 12 of the Third Amended Complaint, Hope admits that it is a federally chartered credit union regulated by the National Credit Union Administration (the "NCUA"), and that the NCUA is an independent federal agency.

13.      Concerning the allegations of Paragraph no. 13 of the Third Amended Complaint, Hope admits that the Loan has, at certain times, satisfied the definition of "federally related mortgage loan" set forth in 12 U.S.C. § 2602(1), but Hope denies that the Loan was a "federally related mortgage loan" on or after February 22, 2019. In this regard, Hope incorporates fully herein by reference its SECOND DEFENSE set forth above. Hope otherwise denies any remaining allegations of Paragraph no. 13 of the Third Amended Complaint.

14.      Concerning the allegation of Paragraph no. 14 of the Third Amended Complaint, Hope denies that allegation that "Copies of the Note and Deed of Trust are attached hereto as 'Exhibit A' and 'Exhibit B', respectfully" [*sic*] because "Exhibit A" and "Exhibit B" to the Third Amended Complaint are unexecuted and unrecorded, and because the alleged Deed of Trust does not contain its Exhibit "A." Hope otherwise admits the remaining allegations of Paragraph no. 14 of the Third Amended Complaint.

15.     Concerning the allegation of Paragraph no. 15 of the Third Amended Complaint, Hope admits that the Deed of Trust forms part of the contractual relationship between Hope and the Plaintiffs, but because the Deed of Trust is not executed by Hope, Hope denies the allegation that the Deed of Trust is a written contract "between" Hope and the Plaintiffs. Hope otherwise denies the remaining allegations of Paragraph no. 15 of the Third Amended Complaint.

16.     Hope denies the allegations of Paragraph no. 16 of the Third Amended Complaint.

17.     Hope admits the allegations of Paragraph no. 17 of the Third Amended Complaint.

18.     Concerning the allegation of Paragraph no. 18 of the Third Amended Complaint, Hope admits that Hope has contracted with Dovenmuehle Mortgage ("DMI") to provide certain services to Hope in connection with certain loans, including the Plaintiffs' mortgage loan, and that DMI began sub-servicing the Plaintiffs' mortgage loan effective January 1, 2018. Hope otherwise denies the remaining allegations of Paragraph no. 18 of the Third Amended Complaint.

19.     Concerning the allegation of Paragraph no. 19 of the Third Amended Complaint, Hope admits that the Plaintiffs' mortgage loan was in default on January 1, 2018. Hope otherwise denies the remaining allegations of Paragraph no. 19 of the Third Amended Complaint.

20.     Hope denies the allegations of Paragraph no. 20 of the Third Amended Complaint.

21.     Hope admits the allegations of Paragraph no. 21 of the Third Amended Complaint.

22.      Concerning the allegations of Paragraph no. 22 of the Third Amended Complaint, Hope denies the allegation that Brandi Bryant contacted Hope after February 4, 2019. Hope lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph no. 22 of the Third Amended Complaint, which allegations therefore are denied.[1]

23.      Concerning the allegation of Paragraph no. 23 of the Third Amended Complaint, Hope denies the allegation that a representative from Hope verified to Brandi Bryant receipt of a payment or represented to Brandi Bryant that the Plaintiffs' mortgage loan was delinquent by one additional payment. Hope lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph no. 23 of the Third Amended Complaint, which allegations therefore are denied.

24.      Hope lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph no. 24 of the Third Amended Complaint, which allegations therefore are denied.

25.      Hope admits the allegations of Paragraph no. 25 of the Third Amended Complaint.

26.      Concerning the allegation of Paragraph no. 26 of the Third Amended Complaint, Hope admits the Plaintiffs' allegation that the two payments the Plaintiffs tendered in February 2019 were insufficient to reinstate the Plaintiffs' mortgage loan. Hope otherwise denies the remaining allegations of Paragraph no. 26 of the Third Amended Complaint.

---

[1] Concerning the allegations of Footnote no. 1 of the Third Amended Complaint, Hope admits the allegation that at least some of the correspondence sent to the Plaintiffs from DMI's address used Hope's letterhead. Hope lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Footnote no. 1 of the Third Amended Complaint, which allegations therefore are denied.

27.     Hope admits the allegations of Paragraph no. 27 of the Third Amended Complaint.

28.     Concerning the allegation of Paragraph no. 28 of the Third Amended Complaint, Hope denies that Kevin W. Harper Investments, Inc. held a perfected security interest in the Subject Property. Hope lacks knowledge or information sufficient to form a belief about the truth of the allegation that the Plaintiffs owed money on a loan to Kevin W. Harper Investments, Inc., which allegation therefore is denied. Hope otherwise denies the remaining allegations of Paragraph no. 28 of the Third Amended Complaint.

29.     Paragraph no. 29 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph 29 of the Third Amended Complaint.

30.     Paragraph no. 30 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph 30 of the Third Amended Complaint.

31.     Hope denies the allegations of Paragraph no. 31 of the Third Amended Complaint.

32.     Paragraph no. 32 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph 32 of the Third Amended Complaint.

33.     Hope lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph no. 33 of the Third Amended Complaint, which allegations therefore are denied.

34.     Concerning the allegation of Paragraph no. 34 of the Third Amended Complaint, Hope admits that Exhibit "I" to the Third Amended Complaint is a copy of a letter dated March

7, 2109, and styled as "Request for Information" that the Plaintiffs' counsel sent to Hope, and that this March 7, 2019 letter requested, *inter alia*, "all correspondence to or from the borrower related to the initiation of foreclosure in the past six months." Hope lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph no. 34 of the Third Amended Complaint, which allegations therefore are denied.

35.     Hope admits the allegations of Paragraph no. 35 of the Third Amended Complaint.

36.     Concerning the allegations of Paragraph no. 36 of the Third Amended Complaint, Hope admits that the response to the Plaintiffs' counsel's March 7, 2019 letter included correspondence related to an earlier foreclosure sale that had been initiated due to one of the Plaintiffs' earlier defaults under their mortgage loan. Hope denies the allegation that the response included no correspondence related to the February 22, 2019 foreclosure. Hope otherwise denies the remaining allegations of Paragraph no. 36 of the Third Amended Complaint.

37.     Hope denies the allegations of Paragraph no. 37 of the Third Amended Complaint.

38.     Hope denies the allegations of Paragraph no. 38 of the Third Amended Complaint and each of its subparagraphs.[2]

39.     Paragraph no. 39 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph 39 of the Third Amended Complaint.

---

[2] Concerning the allegations of Footnote no. 2 of the Third Amended Complaint, Hope admits that Hope has provided the Plaintiffs' counsel with documentation and information demonstrating that Hope and DMI complied with all applicable requirements of the Deed of Trust and applicable law. Hope otherwise denies the remaining allegations of Footnote no. 2 of the Third Amended Complaint.

40.     Hope denies the allegations of Paragraph no. 40 of the Third Amended Complaint.

41.     Hope denies the allegations of Paragraph no. 41 of the Third Amended Complaint.

## COUNT ONE – ALL DEFENDANTS
### REQUEST FOR INJUNCTIVE RELIEF
#### (Enjoin Eviction)

42.     Hope incorporates by reference each of its responses above.

43.     Hope denies the allegations of Paragraph no. 43 of the Third Amended Complaint.

44.     Hope denies the allegations of Paragraph no. 44 of the Third Amended Complaint.

45.     Hope denies the allegations of Paragraph no. 45 of the Third Amended Complaint.

46.     Hope denies the allegations of Paragraph no. 46 of the Third Amended Complaint.

47.     Hope admits the allegations of Paragraph no. 47 of the Third Amended Complaint.

48.     Paragraph no. 48 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits the allegations of Paragraph 48 of the Third Amended Complaint.

49.     Paragraph no. 49 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits the allegations of Paragraph 49 of the Third Amended Complaint.

50.     Paragraph no. 50 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits the allegations of Paragraph 50 of the Third Amended Complaint.

51.     Hope denies the allegations of Paragraph 51 of the Third Amended Complaint.

52.     Hope denies the allegations of Paragraph 52 of the Third Amended Complaint.

53.     Paragraph no. 53 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 53, and Hope further denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever from or against Hope.

## COUNT TWO – ALL DEFENDANTS
### WRONGFUL FORECLOSURE and REQUEST FOR
### INJUNCTIVE RELIEF to SET ASIDE FORECLOSURE

54.     Hope incorporates by reference each of its responses above.

55.     Paragraph no. 55 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits that Paragraph no. 55 of the Third Amended Complaint appears to be a mostly accurate quotation of language found in the case cited therein. Hope otherwise denies the remaining allegations of Paragraph no. 55 of the Third Amended Complaint.

56.     Hope denies the allegations of Paragraph no. 56 of the Third Amended Complaint.

57.     Hope denies the allegations of Paragraph no. 57 of the Third Amended Complaint and each of its subparagraphs.[3]

---

[3] Concerning the allegations of Footnote no. 3 of the Third Amended Complaint, Hope admits that Hope has provided the Plaintiffs' counsel with documentation and information demonstrating that Hope and DMI complied with all applicable requirements of the Deed of Trust and applicable law. Hope otherwise denies the remaining allegations of Footnote no. 3 of the Third Amended Complaint.

58.     Concerning the allegation of Paragraph no. 58 of the Third Amended Complaint, Hope denies the allegation that a representative from Hope spoke with Brandi Bryant. Hope lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph no. 58 of the Third Amended Complaint, which allegations therefore are denied.

59.     Hope denies the allegations of Paragraph no. 59 of the Third Amended Complaint.

60.     Concerning the allegation of Paragraph no. 60 of the Third Amended Complaint, Hope denies the allegation that a representative from Hope spoke with Brandi Bryant. Hope otherwise denies the remaining allegations of Paragraph no. 60 of the Third Amended Complaint.

61.     Hope denies the allegations of Paragraph no. 61 of the Third Amended Complaint.

62.     Hope denies the allegations of Paragraph no. 62 of the Third Amended Complaint.

63.     Hope denies the allegations of Paragraph no. 63 of the Third Amended Complaint.

64.     Hope denies the allegations of Paragraph no. 64 of the Third Amended Complaint.

65.     Hope denies the allegations of Paragraph no. 65 of the Third Amended Complaint.

66.     Paragraph no. 66 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations

of Paragraph no. 66, and Hope further denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever from or against Hope.

67.     Paragraph no. 67 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 67, and Hope further denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever from or against Hope.

**COUNT THREE – HOPE FCU and DOVEMUEHLE** [*sic*]
**VIOLATIONS OF THE REAL ESTATE SETTLEMENT
PROCEDURES ACT (12 U.S.C. § 2601, *et seq.*)**

68.     Hope incorporates by reference each of its responses above.

69.     Hope admits the allegations of Paragraph no. 69 of the Third Amended Complaint.

70.     Paragraph no. 70 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 70.

71.     Concerning the allegations of Paragraph no. 71 of the Third Amended Complaint, Hope admits that the Loan has, at certain times, satisfied the definition of "federally related mortgage loan" set forth in 12 U.S.C. § 2602(1), but Hope denies that the Loan was a "federally related mortgage loan" on or after February 22, 2019. In this regard, Hope incorporates fully herein by reference its SECOND DEFENSE set forth above. Hope otherwise denies any remaining allegations of Paragraph no. 71 of the Third Amended Complaint.

72.     Paragraph no. 72 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits that Paragraph no. 72 of the Third Amended Complaint appears to be a mostly accurate quotation of language

found in the statute cited therein. Hope otherwise denies any remaining allegations of Paragraph no. 72 of the Third Amended Complaint.

73.     Paragraph no. 73 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits that Paragraph no. 73 of the Third Amended Complaint appears to be a mostly accurate quotation of language found in the statute cited therein. Hope otherwise denies any remaining allegations of Paragraph no. 73 of the Third Amended Complaint.

74.     Hope denies the allegations of Paragraph no. 74 of the Third Amended Complaint.

75.     Hope denies the allegations of Paragraph no. 75 of the Third Amended Complaint.

76.     Paragraph no. 76 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 76.

77.     Hope denies the allegations of Paragraph no. 77 of the Third Amended Complaint.

78.     Paragraph no. 78 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 78.

79.     Paragraph no. 79 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits that Paragraph no. 79 of the Third Amended Complaint appears to contain a mostly accurate quotation of language found in the statute cited therein, but Hope denies the allegation that Paragraph nos.

73 and 74 of the Third Amended Complaint reference any "personnel." Hope otherwise denies the remaining allegations of Paragraph no. 79 of the Third Amended Complaint.

80.     Hope denies the allegations of Paragraph no. 80 of the Third Amended Complaint.

81.     Concerning the allegations of Paragraph no. 81 of the Third Amended Complaint, Hope admits that Exhibit "I" to the Third Amended Complaint is a copy of a letter dated March 7, 2109, and styled as "Request for Information" that the Plaintiffs' counsel sent to Hope, and that this March 7, 2019, letter requested, *inter alia,* "all correspondence to or from the borrower related to the initiation of foreclosure in the past six months." Hope lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph no. 81 of the Third Amended Complaint, which allegations therefore are denied.

82.     Hope admits the allegations of Paragraph no. 82 of the Third Amended Complaint.

83.     Concerning the allegations of Paragraph no. 83 of the Third Amended Complaint, Hope admits that the response to the Plaintiffs' counsel's March 7, 2019, letter included correspondence related to an earlier foreclosure sale that had been initiated due to one of the Plaintiffs' earlier defaults under their mortgage loan. Hope denies the allegation that the response included no correspondence related to the February 22, 2019, foreclosure. Hope otherwise denies the remaining allegations of Paragraph no. 83 of the Third Amended Complaint.

84.     Hope denies the allegations of Paragraph no. 84 of the Third Amended Complaint.

85.     Hope denies the allegations of Paragraph no. 85 of the Third Amended Complaint.

86.     Hope denies the allegations of Paragraph no. 86 of the Third Amended Complaint, and Hope further denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever from or against Hope.

**COUNT FOUR – HOPE FCU**
**BREACH OF CONTRACT**

87.     Hope incorporates by reference each of its responses above.

88.     Concerning the allegations of Paragraph no. 88 of the Third Amended Complaint, Hope admits that the Deed of Trust forms part of the contractual relationship between Hope and the Plaintiffs, but because the Deed of Trust is not executed by Hope, Hope denies the allegation that the Deed of Trust is a written contract "between" Hope and the Plaintiffs. Hope otherwise denies the remaining allegations of Paragraph no. 88 of the Third Amended Complaint.

89.     Hope denies the allegations of Paragraph no. 89 of the Third Amended Complaint.

90.     Paragraph no. 90 of the Third Amended Complaint makes no allegations against Hope, but rather appears to be an attempt to paraphrase certain portions of the Deed of Trust. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 90 to the extent they are inconsistent with the terms and conditions of the Deed of Trust.

91.     Hope denies the allegations of Paragraph no. 91 of the Third Amended Complaint.

92.     Hope denies the allegations of Paragraph no. 92 of the Third Amended Complaint.

93.     Hope denies the allegations of Paragraph no. 93 of the Third Amended Complaint.

94.     Hope denies the allegations of Paragraph no. 94 of the Third Amended Complaint.

95.     Hope denies the allegations of Paragraph no. 95 of the Third Amended Complaint to the extent they are inconsistent with the terms and conditions of the Deed of Trust. Hope otherwise denies the remaining allegations of Paragraph no. 95 of the Third Amended Complaint.

96.     Hope denies the allegations of Paragraph no. 96 of the Third Amended Complaint, and Hope further denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever from or against Hope.

## COUNT FIVE (DOVENMUEHLE)
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT

97.     Hope incorporates by reference each of its responses above.

98.     Paragraph no. 98 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 98.

99.     Paragraph no. 99 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope admits the allegations of Paragraph no. 99.

100.    Paragraph no. 100 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 100.

101.    Paragraph no. 101 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 101.

102.    Paragraph no. 102 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 102.

103.    Paragraph no. 103 of the Third Amended Complaint makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of Paragraph no. 103, and Hope further denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever from or against Hope.

## COUNT SIX (ALL DEFENDANTS)
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

104.    Hope incorporates by reference each of its responses above.

105.    Hope denies the allegations of Paragraph no. 105 of the Third Amended Complaint.

106.    Hope denies the allegations of Paragraph no. 106 of the Third Amended Complaint.

107.    Hope denies the allegations of Paragraph no. 107 of the Third Amended Complaint, and Hope further denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever from or against Hope.

## JURY DEMAND

The unnumbered paragraph on page 17 of the Third Amended Complaint following the heading "JURY DEMAND" makes no allegations against Hope. To the extent this paragraph calls for a response from Hope, Hope denies the allegations of this paragraph.

## REQUEST/PRAYER FOR RELIEF

The allegations of the unnumbered Paragraph beginning on page 17 of the Third Amended Complaint following the heading "REQUEST/PRAYER FOR RELIEF," which begins with "NOW THEREFORE," are denied, including the allegations of subparagraphs "A" through "H" thereof, and Hope further denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever from or against Hope.

Having now fully answered and raised its defenses to date, Hope respectfully requests that the relief sought by the Plaintiffs in the Third Amended Complaint be denied, and that judgment be entered against the Plaintiffs and in favor of Hope on all claims asserted against Hope in the Third Amended Complaint, and awarding Hope its attorney's fees, costs, and expenses incurred in connection with answering and defending against the Third Amended Complaint. Hope further prays for general relief.

**THIS** the 12th day of February, 2020.

Respectfully submitted,

**HOPE FEDERAL CREDIT UNION**

By: /s/ Christopher H. Meredith
    Christopher H. Meredith, MSB No. 103656
    Maureen B. "Mimi" Speyerer, MSB No. 7548
    COPELAND, COOK, TAYLOR & BUSH, P.A.
    600 Concourse, Suite 200
    1076 Highland Colony Parkway (Zip—39157)
    P.O. Box 6020
    Ridgeland, MS 39158-6020
    Telephone: (601) 856-7200

Facsimile: (601) 856-7626
cmeredith@cctb.com
mspeyerer@cctb.com
*Its Attorneys*


William H. Leech
MS Bar No. 1175
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, MS 39205-0651
401 East Capitol Street
600 Heritage Building
Jackson, MS 39201
Telephone: 601-718-8837
Facsimile: 601-968-5593
Whl@wisecarter.com
Counsel for Hope Federal Credit Union

### CERTIFICATE OF SERVICE

Service provided via Notice of Electronic Filing (NEF) through ECF:

| | |
|---|---|
| Amanda M. Beckett | *abeckett@rubinlublin.com* |
| John Gary Massey | *pmassey@logs.com* |
| Michael T. Ramsey | *mike@sheehanlawfirm.com* |
| Michael Edward Whitehead | *michael.whitehead@pmp.org* |

**THIS** the 12th day of February, 2020.


/s/ Christopher H. Meredith
Of Counsel