IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CHAD BRYANT & BRANDI BRYANT | PLAINTIFFS |
| VS. | CAUSE NO. 19-00249-LG-RHW |
| HOPE CREDIT UNION; DOVENMUEHLE MORTGAGE, INC.; I-10 PROPERTIES LLC; SHAPIRO AND BROWN, LLC; AND JOHN DOES 1-10 | DEFENDANTS |

**PLAINTIFFS' MEMORANDUM BRIEF IN OPPOSITION TO DOVENMUEHLE MORTGAGE INC'S MOTION TO DISMISS (DKT 35)**

Come now, the Plaintiffs, Chad and Brandi Bryant ("the Bryants"), by and through undersigned counsel, and files this Response to Dovenmuehle Mortgage Inc.'s ("Dovenmuehle") Motion to Dismiss (Dkt 35), and will show unto the Court the following:

**STANDARD OF REVIEW**

In considering a motion to dismiss under *Fed. R. Civ. P. 12(b)(6),* courts are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). Though a complaint need not contain "detailed factual allegations," it must allege sufficient facts "to state a claim to relief that is plausible on its face." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief about the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) Nevertheless, "a well-pleaded complaint may proceed even

if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **WRONGFUL FORECLOSURE**

In its third attempt to evade liability for its conduct, Dovenmuehle claims that Plaintiff's Third Amended Complaint fails to sufficiently plead a claim for wrongful foreclosure against Dovenmuehle because the Plaintiffs did not estimate or give a value for the lost equity of the home in their *arguendo* damage request.  Dovenmuehle also falsely states that the loss of the Plaintiff's home of ten years does not constitute compensable damages.  As stated in the complaint, monetary damages would need to be determined by the Court to sufficiently compensate the Plaintiffs.  Dovenmuehle and its codefendants have been provided ample notice of the damages suffered by the Plaintiffs.  A valuation by the Court on the home would be needed to determine the lost equity.  "Where the foreclosing creditor buys at foreclosure, it must give the debtor fair credit for the commercially reasonable value of the collateral."  *Hartman v. McInnis*, 996 So. 2d 704, 711 (Miss. 2007) (citing *Lake Hillsdale Estates, Inc. v. Galloway*, 473 So. 2d 461, 466 (Miss. 1985)).

The well pleaded complaint rule is designed to require adequate pleadings to put the defendant or defendants on notice of the claims against them so they may properly defend themselves.  "Factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A wrongful foreclosure claim has been properly pled as to Dovenmuele and by their own motion they have been noticed that they may owe damages for the lost equity to be determined by this Court.  The fact that the Plaintiffs have not yet itemized their damages is no grounds for dismissal of this

action against Dovenmuehle - the party primarily responsible for the wrongful foreclosure of the Plaintiffs' home.

## RESPA

Dovenmuehle claims that Plaintiff's Amended Complaint fails to allege that Dovenmuehle's violations of RESPA give rise to a private cause of action. In doing so, Dovenmuehle attempts to mislead this Court from the plain language of 12 U.S.C. §2605 and the growing number of cases that have found private causes of action under Regulation X. *See i.e. Lucas v. New Penn Fin., LLC* 2019 U.S. Dist. LEXIS 15219; 2019 WL 404033, (D. Mass. 2019); *Lage v. Ocwen Loan Servicing LLC,* 839 F.3d 1003, 1007 (11th Cir. 2016); and *Guccione v. JPMorgan Chase Bank, N.A.*, 2015 U.S. Dist. LEXIS 57700, 2015 WL 1968114, at *11 (N.D. Cal. May 1, 2015). Additionally, Dovenmuehle's position ignores the position of the Consumer Financial Protection Bureau. See, 78 Fed. Reg. at 10714 n.64[1] ("The Bureau notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations").

Authority for 12 C.F.R. 1024, the Real Estate Settlement Procedures Act, or Regulation X, is provided by 12 U.S.C. §§ 2603-2605, 2607, 2609, 2617, 5512, 5532, and 5581. 12 U.S.C. §2605(f)(1) provides:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts . . . In the case of any action by an individual, an amount equal to the sum of — (A) any actual damages to the borrower as a result of the failure; and (B)any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12 U.S.C. §2605(k)(1)(E) further provides that:

> A servicer of a federally related mortgage shall not . . . fail to comply with

---

[1] Available online at https://www.govinfo.gov/content/pkg/FR-2013-02-14/pdf/2013-01248.pdf

>**any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.**

(emphasis added.)   Accordingly, the regulations promulgated by the Bureau of Consumer Financial Protection under RESPA, including Regulation X (12 C.F.R. §1024 *et seq.*) are privately enforceable.

Dovenmuehle violated RESPA 12 U.S.C. § 2601 *et seq.* and the regulation promulgated thereunder (Reg. X, 12 C.F.R. 1024.39(a)), by failing to establish or make a good faith effort to establish live contact with he delinquent borrower no later than the thirty-sixth day of the borrowers delinquency.

Regulation X, 12 C.F.R. 1024.39(b)(2), required Dovenmuehle, as a mortgage servicer, to - within forty-five (45) days of the Plaintiffs missing a payment - provide, *inter alia*, that a specific person within Dovenmuehle be assigned as the Plaintiffs' single point of contact, and to provide contact information for that person to the Plaintiffs.   12 C.F.R. 1024.40(b) requires personnel referenced in ¶¶73 and 74 to be able to:

> (1) Provide the Plaintiffs with accurate information about:
>    (i)  Loss mitigation options available to the borrower from the owner or assignee of the borrower's mortgage loan;
>    (ii)  Actions the borrower must take to be evaluated for such loss mitigation options, including actions the borrower must take to submit a complete loss mitigation application, as defined in § 1024.41, and, if applicable, actions the borrower must take to appeal the servicer's determination to deny a borrower's loss mitigation application for any trial or permanent loan modification program offered by the servicer;
>    (iii)  The status of any loss mitigation application that the borrower has submitted to the servicer;
>    (iv)  The circumstances under which the servicer may make a referral to foreclosure; and
>    (v)  Applicable loss mitigation deadlines established by an owner or assignee of the borrower's mortgage loan or § 1024.41.
> (2)  Retrieve, in a timely manner:
>    (i)  A complete record of the borrower's payment history; and

> (ii) All written information the borrower has provided to the servicer, and if applicable, to prior servicers, in connection with a loss mitigation application

Accordingly, if said personnel had been assigned to the Plaintiffs, they would have been placed in communication with such personnel when the Plaintiffs contacted Dovenmuehle regarding the servicing of their loan.

The failure of Dovenmuehle to appoint a single point of contact and to provide that information to the Bryants caused the Bryants to miss information regarding the foreclosure of their home. If not for the failure of Dovenmuehle to comply with the requirement, the Bryants would have received notice of the pending foreclosure of their home and they could have reinstated their mortgage. As a result of the foreclosure, the Bryants have been forced to defend an eviction action in County Court and are in jeopardy of losing possession of their home. Additionally, the wrongful foreclosure deprived the Bryants of significant equity in their property. As such, the Bryants are not without actual damages.

**FDCPA**

Dovenmuehle also asserts that the Bryants have failed to establish a claim pursuant to the Fair Debt Collection Practices Act. Dovenmuehle erroneously treats the Bryants' factual assertions that "Dovenmuehle is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" (Dkt 33, ¶98) as a legal conclusion. The use by Dovenmuehle of the U.S. mail and telephone networks to aid the collection of debts is not disputed and is a separate fact asserted by the Bryants in the Complaint. (Dkt 33, ¶98). The letters attached to the Plaintiffs' Complaint identify Dovenmuehle's address as the return address, even though Dovvenmuehle

misrepresents the source of those letters by using the letterhead of lenders – like Hope Federal Credit Union. (See Dkt 22, ¶68) ("On April 22, 2019, the Plaintiffs received a response on Hope FCU letterhead with Dovenmuehle's address that purported to be responses to the Plaintiffs' Request."). In this case it is apparent that the use of Hope FCU's letterhead from Dovenmuehle's principle address was intended to raise confusion for the borrowers and to prevent Dovenmuehle from accountability for its actions. The Plaintiffs pray that this court see through Dovenmuehle's attempted ruse and hold it accountable.

1. Dovenmuehle's conduct in violation of the FDCPA includes – but is not limited to – the misrepresentation of the amount of a debt in a phone conversation with Plaintiff, Brandi Bryant. If not for this misrepresentation, the Plaintiffs would have sent in the full amount of the reinstatement balance for their loan – and they would have never been foreclosed upon over the $73.20 shortage (Dkt 33, ¶26). The FDCPA would exclude Dovenmuehle as a Debt Collector only if "to the extent such [debt collection] activity…(iii) concerns a debt which was not in default at the time it was obtained by such person…" 15 U.S.C. § 1692a(6)(F)(iii). In this case, Dovenmuehle acquired the servicing rights to the Plaintiffs' mortgage after the loan was in default (Dkt 22, ¶15). Because Dovenmuehle is a Debt Collector, the FDCPA applies. Dovenmuehle has not disputed this factual allegation. Additionally, because the phone conversation was not part of the non-judicial foreclosure, Dovenmuehle cannot escape liability for its misrepresentations under *Obdusky v. McCarthy Holthus LLP,* 139 S.Ct. 1029 (2019)

Finally, Dovenmuehle asserts that the loss of the Bryants' home does not warrant "actual damages". Dovenmuehle's violations of RESPA and the FDCPA resulted the wrongful foreclosure of the Bryants' home. As a result of the wrongful foreclosure, the Bryants have been forced to defend an eviction action in County Court and are in jeopardy of losing possession of

their home. Additionally, the wrongful foreclosure deprived the Bryants of significant equity in their property. As such, the Bryants are not without actual damages. Finally, the Bryants have suffered and continue to suffer considerable emotional distress.

**RESPECTFULLY SUBMITTED** this 25th day of February, 2020

                                            **CHAD BRYANT and**
                                            **BRANDI BRYANT**

                                   By: /s/Michael T. Ramsey
                                         Michael T. Ramsey, MS Bar No. 104978
                                         Attorney for the Plaintiff

Sheehan & Ramsey, PLLC
429 Porter Avenue
Ocean Springs, MS 39564
(228) 875-0572 / fax: (228) 875-0895
mike@sheehanlawfirm.com

**CERTIFICATE OF SERVICE**

      I MICHAEL T. RAMSEY, Attorney for the Plaintiffs do hereby certify that I have this date filed the foregoing electronically, which sent notice to all parties involved.

                                           /s/ Michael T. Ramsey
                                           Michael T. Ramsey