IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHAD BRYANT and BRANDI BRYANT**                    **PLAINTIFFS**

v.                                                                         **CAUSE NO. 1:19CV249-LG-RHW**

**HOPE CREDIT UNION;**
**DOVENMUEHLE MORTGAGE, INC.; I-**            **DEFENDANTS**
**10 PROPERTIES LLC; SHAPIRO AND**
**BROWN, LLC; and JOHN DOES 1-10**

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THIRD AMENDED COMPLAINT

**BEFORE THE COURT** are the [35] Motion to Dismiss Plaintiffs' Third Amended Complaint filed by Defendant Dovenmuehle Mortgage, Inc. ("Dovenmuehle") and the [46] Motion to Dismiss Third Amended Complaint With Prejudice filed by Defendant Hope Credit Union ("Hope").

Plaintiffs' Third Amended Complaint invokes federal question jurisdiction under 28 U.S.C.§ 1331.  *See* Pls.' 3rd Am. Compl., ¶ 8.  Plaintiffs have alleged federal claims under the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collections Practices Act ("FDCPA") as well as state law claims of wrongful foreclosure, breach of contract, and negligent inflection of emotional distress.  After due consideration of the submissions and the relevant law, it is the opinion of the Court that Defendants' Motions to Dismiss the pending federal claims under RESPA and FDCPA should be granted.  The remaining state claims should be dismissed without prejudice.

### BACKGROUND

The factual allegations of this Complaint have been set forth in the Court's prior orders but will be briefly recounted here. Plaintiffs Chad and Brandi Bryant allege they purchased property located at 12221 Vidalia Road in Pass Christian, Mississippi on September 11, 2009. Plaintiffs financed the property with a Promissory Note issued in favor of Hope Credit Union, which was secured by a Deed of Trust on the Property. Hope transferred servicing rights for Plaintiffs' mortgage loan to Dovenmuehle on January 1, 2018. At the time, the mortgage loan was in default. On February 4, 2019, Plaintiffs sent a payment of $1733.00 to Hope. After calling either Hope or Dovenmuehle, Brandi Bryant was informed that the loan was delinquent by one additional payment of $1733.00. However, when Plaintiffs sent a payment in that amount, the loan remained delinquent in the amount of $73.20. Both payments were returned to Plaintiffs because their Note had already been accelerated.

The property was sold at a foreclosure sale on February 22, 2019 to Defendant I-10 Properties, LLC. Although Plaintiffs previously alleged that they "did not receive" various notices required by the Deed of Trust, the Complaint in its current version claims that Hope "failed to notify" them of their default, acceleration of the loan, and the foreclosure sale. Plaintiffs filed their original Complaint against Hope, I-10, and Shapiro and Brown, LLC on March 6, 2019, in the Circuit Court for the First Judicial District of Harrison County, Mississippi.

Soon thereafter, Plaintiffs amended their complaint to add Dovenmuehle as a defendant, and Defendants removed the case to this Court.

On January 14, 2020, the Court [32] dismissed Plaintiffs' Second Amended Complaint, citing pleading deficiencies as to both Dovenmuehle and Hope. However, noting that such issues "may be capable of correction," the Court "allow[ed] Plaintiffs a final opportunity to file amended claims." (Order Granting Mot. Dismiss at 13, ECF No. 32). Thereafter, Plaintiffs amended their Complaint a third time. (Pls.' 3rd Am. Compl., ECF No. 33). Dovenmuehle and Hope both move to dismiss the Third Amended Complaint. (*See* Mot. Dismiss, ECF No. 35; Mot. Dismiss, ECF No. 46).

## DISCUSSION

### I.  MOTION TO DISMISS STANDARD

In reviewing a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Further, "all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). On the other hand, courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* "'Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In determining whether

claims survive a Rule 12(b)(6) motion to dismiss, the court may review the facts set forth in the complaint, documents attached to the complaint, and matters of which the court may take judicial notice under Federal Rule of Evidence 201.  *Id.*  In this case, the Court has reviewed and relied on the loan and foreclosure documents attached to the Third Amended Complaint.

## II.   RESPA CLAIMS

Count Three of Plaintiffs' Third Amended Complaint alleges that Dovenmuehle and Hope violated provisions of RESPA and specifically Regulation X of RESPA.   Plaintiffs invoke 12 C.F.R. §§ 1024.39(a)-(b) and 1024.40(a)-(b), arguing that Dovenmuehle and Hope failed to make good faith efforts to establish live contact with, and assign personnel to Plaintiffs within certain time windows.  *See* (Pls.' 3rd Am. Compl. ¶¶ 76, 78, ECF No. 33.)

In *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016) the court held that "12 C.F.R. § 1024.39 does not explicitly convey a private right of action to borrowers."  Plaintiffs has conceded the point.  (Pls. Resp. Mem. 2, ECF No. 28.)  However, Plaintiff also cites Regulation X, 12 C.F.R § 1024.40.  and contends that there are a "growing number of cases that have found private causes of action under Regulation X."  (Pls.' Mem. Brief Opp. Mot. Dismiss at 3, ECF No. 39.)  Dovenmuehle correctly points out, however, that Plaintiffs' cited cases do not involve either of the regulations raised in the Complaint.  *See Lucas v. New Penn Fin., LLC*, 2019 WL 404033, at *1 (D. Mass. 2019) (construing 12 C.F.R. §§ 1024.35 and 1024.41); *Lage v. Ocwen Loan Serv., LLC*, 839 F.3d 1003, 1005 (11th Cir. 2016)

(construing the same); *Guccione v. J.P. Morgan Chase Bank, N.A.*, 2015 WL 1968114, at *1 (N.D. Cal. 2015) (construing 12 C.F.R. § 1024.35). Indeed, the Eleventh Circuit has held that "the regulations set forth in sections 1024.39 and 1024.40 provide no private cause of action." *Cilien v. U.S. Bank Nat'l Assoc.*, 687 F. App'x 789, 792 n. 2 (11th Cir. 2017); *see also Schmidt v. PennyMac Loan Servs., LLC*, 106 F.Supp.3d 859, 862 (E.D. Mich. 2015). There is no private cause of action for alleged violations of the RESPA regulations cited by Plaintiffs. As a result, Plaintiff's RESPA actions against Dovenmuehle and Hope must be dismissed.

### III. FDCPA CLAIM

In Count Five, Plaintiffs reassert their FDCPA claim against Dovenmuehle. The Court previously found that Plaintiffs' allegations against Dovenmuehle concern conduct relating to the enforcement of the security interest created by the Deed of Trust in a nonjudicial foreclosure proceeding, and the claim was therefore outside the majority of the FDCPA's protections. *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019).

Plaintiffs attempt to distinguish *Obduskey* by alleging that "the phone conversation was not part of the non-judicial foreclosure." (Pls.' 3rd Am Compl. ¶ 101, ECF No. 33.) Plaintiffs refer to allegations earlier in their Complaint that "Brandi Bryant contacted either Hope FCU or Dovenmuehle by phone to verify receipt of the payment," during which a representative "verified receipt of the payment but misrepresented to Brandi Bryant that the loan was at that point delinquent by one additional payment of $1,733.00." (*Id.* ¶¶ 22-23.) However, the

Court considered this allegation in its last order when it dismissed the claim in Plaintiffs' Second Amended Complaint.  (Order Granting Mot. Dismiss, ECF No. 32.)  This isolated telephone conversation, even if accepted is true, is not tantamount to engaging in a non-judicial foreclosure.

Moreover, the Complaint alleges that Plaintiff initiated the communication. (Pls.' 3rd Am. Compl. ¶ 22, ECF No. 33.)  There is substantial jurisprudence to the effect that "the FDCPA's protections are not triggered by communications initiated by someone other than the debt collector." *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 311, 329 (D. Conn. 2012) (quoting *Boyd v. J.E. Robert Co.*, 2010 WL 5772892, at *13 (E.D.N.Y. 2010)).  In the several cases cited by the *Derisme* court, debt collectors' responses to a plaintiff debtor's inquiries were held not to fall within the purview of the FDCPA.  *Id.*  The court cited, for instance, *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 2005 WL 2098068, at *2 (N.D.N.Y. 2005), wherein the court determined that the "FDCPA did not apply where 'Defendant was not attempting to collect a debt' and that communication *instituted by Plaintiff* was not in connection with the collection of any debt.' Rather, Defendant was merely responding to Plaintiff's inquiries as to how she could bring her mortgage current." *Derisme*, 880 F.Supp.2d at 329-30 (citing *Gorham-Dimaggio*, 2005 WL 2098068, at *2) (emphasis in original).

## IV.    REMAINING STATE LAW CLAIMS

When federal law claims that serve as the basis for subject matter jurisdiction are dismissed and only state law claims grounded on supplemental

- 6 -

jurisdiction remain, a district court has broad discretion to dismiss the state law claims. In this circuit the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011). The Court expresses no opinion on the merits of any pending state law causes of action. The Court also notes that this matter is in the early pleading stages, some of the defendants have not filed responsive pleadings, formal discovery has not yet commenced, and the case has not been scheduled for a case management conference before the magistrate judge. *See* L.U.Civ.R. 16(a). Therefore, after consideration of 28 U.S.C. § 1367(c) as well as the applicable common law factors,[1] the remaining state law claims should be, and are dismissed without prejudice.

## CONCLUSION

For the reasons set out above, Defendants' Motions to Dismiss are granted. Plaintiffs' RESPA and FDCPA claims are dismissed with prejudice. The Court declines to exercise supplement jurisdiction over the remaining state law claims and they are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [46] Motion to Dismiss Third Amended Complaint With Prejudice filed by Defendant Hope Credit Union and the [35] Motion to Dismiss Plaintiffs' Third Amended Complaint filed by Defendant Dovenmuehle Mortgage, Inc. are **GRANTED**. Plaintiffs' RESPA and

---

[1] The common law factors include judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

FDCPA actions against Hope Credit Union and Dovenmuehle Mortgage, Inc. are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Pursuant to 28 U.S.C. § 1367(c)(3) the remining state law claims are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE